Walcott v. Hand.

WALCOTT *et al.*, *Appellants*, v. HAND.

### Division Two, June 12, 1894.

1. **Tax Sale**: COLLECTOR: PURCHASER. A purchase, by the collector, of land sold for taxes, under a judgment of the circuit court and execution issued thereon to the sheriff, is not void as being against public policy.

2. ————: PARTIES: HEIRS. Where a deceased person's land is sold for taxes without making one of his heirs a party to the suit therefor, such heir may, in an action for the whole tract, recover her aliquot part.

*Appeal from Clark Circuit Court.*—HON. B. E. TURNER, Judge.

REVERSED AND REMANDED.

*John C. Anderson* for appellants.

The court committed error in refusing to give plaintiff's instructions numbers 1, 2, 3 and 4, because: *First.* A tax collector can not personally or by agent purchase real estate at a sale thereof made by himself, and he acquires no title by such a transaction, and the sale which he makes to himself, is void, on grounds of public policy, and the court should have so declared. Black on Tax Titles [1 Ed.], sec. 151; Cooley on Taxation, p. 341; Blackwell on Tax Titles [5 Ed.], sec. 604; *Payson v. Hall*, 30 Me. 319; *Chandler v. Moulton*, 33 Vt. 245; *Pierce v. Benjamin*, 14 Pick. 356; *Taylor v. Stringer*, 1 Gratt, 158; *McCloud v. Buckwalter*, 57 Miss. 65; *Galbraith v. Drought*, 24 Kan. 590; *Chile v. Barron*, 2 Mich. 192; *Sponable v. Woodhouse*, 48 Kan. 173; *Straus v. Head*, 21 S. W. Rep. (Ky.) 537; Rorer

on Judicial Sales, secs. 89–95. *Second.* The same doctrine has been asserted and emphasized by this court by HENRY, judge, in *Massey v. Smith*, 64 Mo. 347. *Third.* The proceeding being void, the owner may maintain ejectment against the purchaser, and this would seem to be so, though the title be in the hands of an innocent purchaser. *Chandler v. Moulton*, 33 Vt. 245; *Pierce v. Benjamin*, 14 Pick. 356; *Perkins v. Thompson*, 3 N. H. 144; *Mills v. Goodman*, 5 Conn. 475. *Fourth.* And this court has held that, where the proceedings are void, or the deed is void under which a defendant claims title, the validity of such proceedings, and the validity of such deed, may be assailed in an ejectment suit to try the title without resorting to a suit in equity to set aside. *Anderson v. St. Louis*, 47 Mo. 479–486; *Chandler v. Bailey*, 89 Mo. 641; *Scheidt v. Crecelius*, 94 Mo. 322. *Fifth.* There can be no claim in this case that defendant was an innocent purchaser, because he holds under a quitclaim deed from the collector of Clark county, Joseph H. Million, and the law imputes to him notice of any infirmity existing in Million's title. *Ridgeway v. Holiday*, 59 Mo. 473; *Stoffel v. Horne*, 62 Mo. 473; *Mann v. Best*, 62 Mo. 491; *Stafford v. Shroeder*, 62 Mo. 147. *Sixth.* Million was a public officer, a public agent. No person may profess ignorance of the extent of his authority, and individuals, as well as courts, must take notice of the extent of the authority conferred by law upon a person acting in an official capacity. *State ex rel. v. Hays*, 52 Mo. 579.

*O. S. Callihan* for respondent.

(1) None of the authorities cited by counsel for appellant sustain his position that the collector could not purchase this land at the sheriff's sale. If the sher-

iff had bought the land at this sale, where he was the auctioneer, and had conveyed it to defendant, then this case would be precisely like those cited by appellant and the authorities would be in point. See the authorities cited in appellant's brief: Black on Tax Titles [1 Ed.], sec. 151; Cooley on Taxation, p. 341; Blackwell on Tax Titles [5 Ed.], sec. 604; *Payson v. Hall*, 30 Me. 319; *Chandler v. Moulton*, 33 Vt. 245; *Pierce v. Benjamin*, 14 Pick. 356; *McLeod v. Burkhalter*, 57 Miss. 65; *Clute v. Barron*, 2 Mich. 192; *Mills v. Goodsell*, 5 Conn. 478; *Perkins v. Thompson*, 3 N. H. 144. (2) That any public officer, except the officer selling, may purchase land at a sale for taxes, is expressly decided in the case of *Fox v. Cash*, 1 Jones (Pa.), 206.

GANTT, J. P.—On the twentieth day of October, 1891, the plaintiffs, Mrs. Walcott and her husband, began an action of ejectment in the circuit court of Clark county for thirteen and thirty-three hundredth acres of land in said county; ouster was laid as December 26, 1888. Defendant admitted possession and denies all other averments of the petition. A jury was waived and the trial resulted in a judgment for the defendant.

The record presents the following case:

Henry Church, late of Clark county, Missouri, died seized of an estate in fee simple in the lands in controversy, leaving surviving him his children, and heirs at law, the following named persons: Ann, who intermarried with Abram Clark (otherwise referred to in the record as Abraham Clark); Belle, who intermarried with Moses Weaver; Elisha and Elijah Church; Mary, since deceased without issue; Sarah, who intermarried with Washington Archer, and who died leaving one child, named Henry, who has been absent from this state continuously for more than seven years, and has

not been heard from for more than thirty years; also, this plaintiff, Phœbe A. Walcott, nee Church, and his widow, Margaret Church, since deceased.

On the eighth day of October, 1872, Elijah Church conveyed his interest in said land to Moses Weaver, by deed of general warranty, which deed is in the possession of the plaintiff, Phœbe A. On the twenty-third day of June, 1870, Ann Clark and her husband, Abram Clark, conveyed all their interest in the land to said Moses Weaver by deed of general warranty. In the latter part of the year 1872, or the first part of the year 1873, the said Moses Weaver contracted and sold all his right, title and interest in said land to Elisha Church for the consideration of $125, and in pursuance of said contract of purchase the said Weaver delivered to, the said Eliha Church took possession of said land, on or about the —— day of ————, 1872, or in the early part of 1873, in good faith, believing that a good and sufficient deed thereto would be made to him by said Weaver on the payment of the purchase money aforesaid; said Elisha Church paid to said Weaver the whole of the purchase money agreed to be paid.

Upon taking possession of said land, the said Elisha Church, in good faith believing that said Weaver would convey to him all his right, title and interest in said land, on the payment of the purchase money, made lasting and valuable improvements on said land; that is to say, he built a barn twenty-four feet wide by thirty-six feet in length, set out fruit trees, built and repaired fences; said improvements were of the reasonable value of $250.

Said Elisha on taking possession of said land, took possession of it as owner, claiming the same as owner against all the world and against all the heirs of Henry Church, except Phœbe A., the plaintiff (whose interest he recognized), and especially against Moses Weaver;

from his taking possession in 1872, or 1873 his possession was open, continuous, adverse, and hostile to all the heirs of Henry Church, except the plaintiff, Phœbe A., and particularly against Moses Weaver, and from that time so continued.

In the year 1880 Elisha Church, in consequence of ill health, left this estate, and, on leaving, delivered the possession of said land to plaintiff, Phœbe A. Walcott, then Phœbe A. Church, who held possession of said land for herself and her brother, Elisha, from her taking possession in 1880, adversely to all the heirs of Henry Church, deceased, and particularly against Moses Weaver, renting said land and receiving the rents and profits thereof until the year 1888, at which time to wit, about the fourteenth day of December, 1888, she was ousted by the entry of defendant, who has ever since withheld from her the possession of said land. On the twenty-fourth day of March, 1890, the said Elisha Church conveyed all his interest in said land to Phœbe A. Walcott.

Defendant claims title to said land through a sheriff's deed executed to Joseph H. Million, of date October 26, 1888, and a quitclaim deed, executed and delivered to defendant by said Million on the fourteenth day of December following (1888).

The following are the facts surrounding the execution of the sheriff's deed: The said Joseph H. Million was collector of revenue of Clark county, Missouri, and as such collector, commenced an action against the parties named in said sheriff's deed for the recovery of the taxes due upon said land for the year 1885, amounting to the sum of $4.12, and as collector recovered the statutory judgment against said parties on the twenty-second day of October, 1887, the said parties being Peter H. Weaver, George F. Weaver, F. Weaver, Ora

M., and William Gill, Cora B., Anne, Martha E., and Edith J. Clark, Elisha and Elijah Church and Abraham J. Church. The plaintiff, Phœbe A. Walcott, was not made a party to this suit, nor did she appear to the action.

The said Joseph H. Million, while still collector as aforesaid, caused an execution to be issued on said judgment so rendered in his favor, which was levied on the land in controversy, and on the twenty-sixth day of October, 1888, the same was sold, and the said Joseph H. Million, still being the collector of the revenues of said Clark county, purchased the same for the sum of $97, on the fourteenth day of December, 1888, and while still collector as aforesaid, sold and conveyed the same to defendant for the sum of $200.

Defendant, Hand, during all these proceedings, was a citizen of Clark county and had notice thereof. Plaintiff's contention is that the said Joseph H. Million, being collector of the revenue at the time he commenced the suit to subject the land to the payment of the taxes at the time he obtained the judgment, at the time he purchased and at the time of the execution of the sheriff's deed to him could not, and did not, acquire legal title to said land; that the deed executed to him by the sheriff is null and void and, therefore, defendant took no title by Million's quitclaim deed to him as against these plaintiffs.

They asked the following instructions:

"1. On the pleadings and evidence in this cause the verdict should be for the plaintiffs.

"2. That the deed read in evidence from William C. Fletcher, sheriff of Clark county, Missouri, to Joseph H. Million, dated October 26, 1888, is void upon its face, and did not convey to said Joseph H. Million the legal title to the lands therein mentioned and described.

"3. It is admitted that Joseph H. Million was, in the year 1888, collector of the revenue of Clark county. He commenced an action in the circuit court of said county of Clark in the name of the state of Missouri at the relation of and to the use of said Million against the following named persons: Peter H. Weaver, George F. Weaver, Ora and William Gill, Cora B., Martha E. and Edith J. Clark, Elijah and Elisha Church and Abraham Clark to enforce the payment of taxes charged against the land and described in the plaintiff's petition, viz: Thirteen and thirty-three one hundredths acres off of the west side of the southeast fourth of the northwest quarter of section 27, township 65, range 6 west, in Clark county, Missouri; that judgment was rendered on said suit; that an execution was issued on said judgment at the instance of said Million and levied on said land by the sheriff of said county, William C. Fletcher; that said land was, by said sheriff on the twenty-sixth day of October, 1888, during the sitting of the circuit court of said clerk, sold, and the said Joseph H. Million, while still collector of the revenue of said county became the purchaser of said land at said sale, for the price and sum of $97; that thereupon the said William C. Fletcher, the sheriff of said county, executed and delivered to said Million the deed therefor, which was read in evidence; that, while still collector of the revenue as aforesaid, to wit, on the fourteenth day of December, 1888, the said Million conveyed said land to defendant Hand, by deed of quitclaim. Now, the court declares the law to be, that said deed of said sheriff, William C. Fletcher, of date October 26, 1888, to said Million is null and void and conveyed no title to the lands therein described to said Million, and therefore the quitclaim deed from said Million to said Hand of date December 14, 1888, conveyed no title to said

Hand, and, therefore, the verdict should be for the plaintiff.''

The court refused all of said instructions and in due time plaintiffs excepted and filed their motion for new trial which was overruled and they appealed.

I.  The learned counsel for plaintiffs urges, with great earnestness, that the tax deed by the sheriff to the tax collector, Million, is void because it is against public policy to permit a tax collector to purchase at an execution sale under a judgment obtained by him for taxes.

Counsel correctly assumes that a public officer charged with the duty of selling property for the best price can not himself become the purchaser, and that a sale made by an agent or trustee to himself will not be sustained by the courts.  These statutory and fundamental principles are not controverted by counsel for defendant, but he insists that both reason and the authorities distinguish between a sale by a tax collector to himself, and a sale to him by a sheriff made under a judgment and execution of the circuit court; that, after the execution came to the hands of the sheriff, the sheriff, and not the collector, was charged with its execution and the responsibility attending the sale.

It will be observed that counsel present the naked proposition that a purchase by the collector at the sheriff's sale is void.  No collusion or conspiracy is charged, no suggestion is made of unfairness or irregularity in the time or manner of sale or inadequacy of the bid.

A careful examination of each and every case cited by plaintiffs discloses that in every instance in which the sale was held void or voidable, it was under a tax law in which the collector himself made the sale, and either by himself or deputy purchased the land, or, if

sold by a sheriff or constable, he purchased at his own sale.

The great underlying principles in all these cases is, that the duty of the seller is inconsistent with the interest of the purchaser, and, when there is such a conflict, the temptation is too great to subordinate the former to the latter, and public policy forbids the transaction; but, under the tax law of 1877 and subsequent amendments, sales of lands for taxes in Missouri are made under judgments of the circuit courts, and executions issued thereon to the sheriffs as under other judgments. The sheriff, and not the collector, is charged by law with the execution of the process. He advertises and conducts the sale, and the collector has no control of the process, other than to stop the sale, if the owner shall pay the taxes and costs.

The cases cited from other jurisdictions whose proceedings were wholly unlike ours throw no light upon the subject, further than to illustrate the general principle that an agent can not be both seller and buyer. The law of this state no longer imposes upon the collector the duty of making the sale. The state at his relation obtains the judgment, and after that the collection of the tax is intrusted to the clerk and sheriff. Many cases hold that public officers, other than the one who makes the tax sale, may purchase at such sales and that such purchases are not opposed by public policy.

The cases in this state which furnish the strongest analogy to this in principle are the cases of *Dillinger v. Kelley*, 84 Mo. 565 and *Briant v. Jackson*, 99 Mo. 585, in which it was held that, although our statutes forbid administrators to purchase the lands of their intestates, that prohibition only extended to probate sales made by themselves, and they are not denied the right to purchase such lands at sales made by sheriffs under the judgments of the circuit courts. In *Briant v. Jackson,*

RAY, C. J., said: 'Having, as said administrator, recovered said judgment, it was his privilege and duty to direct the clerk to issue the execution, and this, we suppose, was done by the administrator in this case, or perhaps his attorney; but, after the execution came to the hands of the sheriff, the sheriff, and not the administrator, was charged by law with the execution of the process, with the return and application of the purchase money, with the due execution of proper deeds to the purchaser, and in short with the entire responsibilities of the sale.''

The collector of taxes can not stand in a closer trust relation than an administrator, and if the law does not forbid a purchase by an administrator when a sheriff sells under judgment and execution, no good reason can be given why it should forbid the collector the same privilege, in the absence of fraud, conspiracy or collusion.

Our conclusion is that the mere fact that the collector bought the land at the sheriff's sale will not render his deed void, and the court committed no error in so holding.

II. But as the evidence was uncontradicted that Henry Church died seized of the land and that Mrs. Walcott was one of his children and heirs at law, and entitled to an undivided one sixth of said lands, and was not made a defendant in said tax suit, it is clear that said tax proceedings did not divest her interest, and, while she was not entitled to all of said lands, we think the court, upon the showing made, erred in not giving her judgment for her aliquot part thereof, and, for this cause, the judgment is reversed and the cause remanded for new trial in accordance with this opinion. BURGESS and SHERWOOD, JJ., concur.