## LEN WALKER v. F. T. MILLS, A. C. McKNIGHT, DON REAVES and LILLIE REAVES, his Wife, Appellants.

### Division One, April 1, 1908.

1. **TAX SALE: Purchase by Tax Attorney.** The attorney for the county collector in a suit for taxes, has a right to purchase the land at the sheriff's sale under the judgment, no issue of fraud or collusion being raised oy the pleadings.

2. ————: **Inadequacy of Price: Pleading.** Where the pleading pleads neither inadequacy of price nor fraud, collusion or unfairness, the court cannot set the sale in a tax suit aside because of inadequacy of price.

3. ————: ————: **Evidence of Unfairness.** Where the evidence shows that after the sale in the tax suit was begun the sheriff and the purchaser (the attorney for the county collector) stopped the sale until tne attorney of the landowner could look up and talk to him and that his attorney did notify him of the pending sale and he directed the attorney to give notice that the sale would be void, because the judgment was void, which notice was given, after which the sale proceeded, there is no evidence upon which the sale could be set aside for unfairness or inadequacy of price, for if there was inadequacy of price the landowner contributed thereto.

4. ————: **Judgment: Service of Process: Mortgagor and Mortgagee.** A judgment for taxes against real estate may be valid as to part of the defendants and invalid as.to others. Long prior to the bringing of the tax suit, the mortgagor had turned the lots over to the beneficiary in the deed of trust, who was in possession, and he and the trustee, in whom was the legal title, were properly served with personal summons, and return as to the mortgagor was *non est*, and being a non-resident service by publication was made against him, and afterwards when he was in the county he wrote on the petition a waiver of service. *Held*, that the judgment was not void, but whatever interest the trustee and beneficiary had in the property passed by the tax sale and the purchaser took the title, whether the service on the mortgagor was valid or not.

5. ———: ———: ———: **Waiver.** The waiver of service by the mortgagor on the petition, instead of upon the summons attached thereto, was only an irregularity, and would not subject the judgment to collateral attack, even by him. Nor has the mortgagee, if his interests have legally passed by the judgment and sale, the right to invoke the aid of courts in the mortgagor's behalf.

Appeal from Greene Circuit Court.—*Hon. Jas. T. Neville,* Judge.

AFFIRMED.

*John Schmook* for appellants.

(1) No person can become a purchaser at a judicial sale who has a duty to perform in reference thereto which is inconsistent with the character of purchaser or who is so connected with the sale that his individual interest as a purchaser might be inconsistent with his duty. 24 Cyclopedia Law and Evidence, p. 29; Grumley v. Webb, 44 Mo. 451; McCelvey v. Thompson, 7 S. C. 185; Manning v. Hayden, Fed. Cas. No. 9043. (2) The purchase at a sale for delinquent taxes, directly or indirectly, by officer conducting, directing or controlling the sale, is invalid. Sponable v. Woodhouse, 48 Kan. 173; Ellis v. Peck, 45 Iowa 112; Chandler v. Moulton, 32 Vt. 245; Burke v. Daly, 14 Mo. App. 548; Thornton v. Irwin, 43 Mo. 163. If a person selling land becomes himself the purchaser, or has any understanding at the time of the sale that he is to have any interest in the purchase, it is invalid. Ayers v. Blair, 26 W. Va. 558. The fact that Walker's fees as tax attorney had to be paid out of the proceeds of the sale; that he directed the sale; that he

became purchaser at the sale for a grossly inadequate price, renders same a nullity.    Teel v. Yancey (Va. 1873), 23 Gratt. 691; Patterson v. Josselyn, 43 Miss. 373; Hamblin v. Warnecke, 31 Tex. 94; Boyd v. Blankman, 29 Cal. 34; Stopp v. Tloer, 3 Bibb. 450; Dwight v. Blackmar, 2 Mich. 330; Crayton v. Spullock, 13 S. E. 561; Kreitzer v. Crovatt, 21 S. E. 585.    (3) Where the attorney purchases, only slight additional facts are required, in connection with inadequacy of price, to render sale a nullity.    Howell v. McCreery, 37 Ky. 388; Busey v. Hardin, 41 Ky. 407.    And where the attorney to some extent has power over the sale, he will not be protected in the purchase of the property at a sacrifice.    Smith v. Thompson, 46 Ky. 305; Burke v. Daly, 14 Mo. App. 542.    (4) The attempted constructive service, based on the *non est* return, in the tax suit, is void for the reason that said return was premature, the summons having been issued in June, returnable to the September term, and being returned the same month it was issued.    Brown v. Cummings, 181 Mo. 711.

*W. D. Tatlow* for respondent.

(1)    The court acquired jurisdiction over the person of Reaves as well as the other defendants, for he expressly waived the issuance of summons and accepted service thereof in writing.    Sec. 571, R. S. 1899.    The waiver was endorsed on the petition instead of the writ.    It, however, was in writing; it was signed by his own proper signature, concerning which there was no question, and at most it was a mere irregular service.    It is elementary in this State, and wherever the English common law applies, that judgments can not be collaterally attacked for irregularities, either in the judgments themselves, the antece-

dent pleadings or proceedings, or the service of process. Perryman v. State, 8 Mo. 208. (2) A judgment is good as to those parties who were personally before the court, although void as to parties not served, appearing in or waiving service. State ex rel. v. Tate, 109 Mo. 265; Noonan v. City, 126 Mo. 89; Pacific Ex. Co. v. Emerson, 101 Mo. App. 63; Lovitt v. Russell, 138 Mo. 474. Under the facts the legal title was vested in Delaney, trustee for the beneficiary, Mills, so that they could have maintained ejectment. Johnson v. Houston, 47 Mo. 227; Reddick v. Gressman, 49 Mo. 389; Wendover v. Baker, 120 Mo. 294; Schanewerk v. Hoberecht, 117 Mo. 22; Adams v. Carpenter, 187 Mo. 634. (3) The point is made that the tax judgment should have been for a specific amount against each lot, and should have stated the amount so recovered on each lot separately. This may be so; however, the appellant, Mills, should have appeared in the tax suit and made this suggestion to the court, which would, no doubt, have acted upon his suggestion and made the judgment conform to his taste. However, such irregularity does not, in any way, affect the validity of the judgment. Jones v. Driskill, 94 Mo. 190. (4) Plaintiff was entitled to purchase at the tax sale. Walcott v. Hand, 122 Mo. 621; Board v. Fry, 192 Mo. 556; Giraldin v. Howard, 103 Mo. 41; Reddick v. Gressman, 49 Mo. 389; Thornton v. Irwin, 43 Mo. 153; Allen v. Ransom, 44 Mo. 263; Gaines v. Allen, 58 Mo. 537.

GRAVES, J.—Action under section 650, Revised Statutes 1899, to declare title to two lots in the city of Springfield. Petition in the usual form. Separate answer by defendant Mills is, first, a general denial. Secondly, it is claimed that the appealing defendant, Mills, is the holder of, or beneficiary in, a deed of trust

on said property which was given by one Don Reaves in 1899 and which has not been satisfied and that the said Reaves was the owner of the lots. Thirdly, it is averred that plaintiff procured his pretended title in a certain tax proceeding by the Collector of Greene County v. F. T. Mills, T. J. Delaney and Don Reaves, in which plaintiff was tax attorney representing the collector; the remainder of the third count and the fourth count is in this language:

"That said judgment was and is void and of no effect because this court never had nor acquired jurisdiction of said defendants to render said judgment by reason of the failure to serve process upon said defendants as by law required, and because said judgment does not recite the amount of taxes and interest due upon each of the lots.

"For further answer defendant says that he tendered and offered to pay said taxes and costs of said tax suit prior to the date of said judgment, all of which facts were well known to plaintiff prior to said tax sale."

The other two defendants filed no answer. Reply was general denial.

Upon a trial the defendant Mills requested by proper motion a finding of facts, which was made by the court as follows:

"On February 28, 1900, the Collector of Revenue for Greene county filed suit against defendants Mills, Delaney and Don Reaves for taxes on the property in controversy, June 18th, 1901, summons issued against all; Mills and Delaney were served, Reaves was not. The summons was returned before the return day, Reaves 'not found.' Publication was afterwards ordered to the September, 1902, term for Reaves. Same was duly published. Afterwards and before judgment Reaves wrote on the petition the following attempted waiver of process and service: 'I hereby

waive the issuance of summons in the above-entitled
cause and accept service hereof. Don Reaves, de-
fendant.' Judgment was afterwards rendered and
the land sold in bulk, but for less than the amount of
taxes. Mills was all of the time the real owner and
in possession of the property, having taken posses-
sion as such by consent of Reaves. Plaintiff bought
at the sale.

"I hold the proceedings valid as against Mills and
that plaintiff is the legal owner by virtue of said pur-
chase. Default as to Reaves."

Then follows the judgment which is elaborately
written and contains therein a more explicit finding
of facts than the one made by the court hereinabove
set out. Defendant's motion for new trial having
been overruled, he duly perfected his appeal. Fur-
ther statement of the facts will be given in the dispo-
sition of the points made.

I. It appeared from the evidence that the plain-
tiff was attorney for the collector at the time the tax
proceeding was begun, but was not really tax attorney
for the collector in office at the time of the sale. He
had however looked after all the cases brought by
him while acting for the collector who appointed him
and this case with the others. Defendant contends
that the attorney for the collector has no right to pur-
chase at a tax sale. There are many respectable and
forceful cases holding that a public officer whose duty
it is to collect taxes cannot purchase at such sale.
Such, however, is not the rule in Missouri. [Walcott
v. Hand, 122 Mo. 621; Turner v. Gregory, 151 Mo. l. c.
106.]

In the latter case, this court said: "As to the
other contention, that the sheriff's deed to Oscar
Reeder was void because Reeder was the collector who
brought the suit, we have ruled otherwise in Walcott
v. Hand, 122 Mo. 621, to which we still adhere."

If the collector can purchase at such sale there is no good reason to assign why his attorney could not likewise purchase.    There was no issue of fraud, collusion or anything of that character charged in the answer.    So that upon the single question of the right of the plaintiff to purchase at the tax sale, under our cases, we must hold that he had such right and this contention is ruled against defendant.

II.    It is next urged that there is inadequacy of price in such sale, and that this, when coupled with slight additional facts, will authorize the court to set aside a sale.    It is true that where there is a gross inadequacy of price, coupled with some evidence of fraud or unfairness, an execution sale may be set aside under the authorities in this and other states. It would be sufficient for this contention to say that the answer in this case neither pleads inadequacy of price nor fraud, collusion or unfairness.    There is not a word in the answer that would authorize a court to enter a judgment upon such question, if we recognize the rule that the judgment must accord with the issues made by the pleadings.    But beyond this there is no evidence in this record that would authorize such action upon the part of the trial court.    The evidence shows that after the sale was begun the plaintiff and the sheriff stopped the sale until an attorney for defendant Mills could look up and talk to Mills and that such attorney did notify Mills of the pending sale and that Mills directed him to give notice that the sale would be void, because the judgment was void, which notice was given, after which the sale proceeded. Even if there were gross inadequacy of price the defendant by his conduct contributed thereto.    In addition he had full personal notice of the sale at the time and prior thereto and cannot now complain.    This point is ruled against defendant.

III. An other contention is that the judgment for taxes should have been for a specific amount against each of the two lots involved, and should have stated the amount recovered for each of the two years therein sued for and adjudged. This exact question was fully answered by BRACE, J., for this court in the case of Jones v. Driskill, 94 Mo. l. c. 199, and we are satisfied with the ruling there made. Judge BRACE said:

"The remaining objection to the validity of the judgment, that the same was not against each tract separately for the amount found to be due on such tract, is answered by the cases of Gray v. Bowles, 74 Mo. 419, and Brown v. Walker, 85 Mo. 262, 11· Mo. App. 226. Although the judgment for that reason may be erroneous and subject to correction on error or appeal, it is not void, and having been rendered by a court having jurisdiction of the person and subject-matter, the title of a purchaser of property bought at execution sale under such judgment is not affected by such error."

This contention is therefore ruled against the defendant.

IV. It is next contended that the tax judgment is void because there was no proper service upon the defendants. When boiled down the real contention is that defendant Reaves had not been served. The record shows personal service upon Mills and Delaney, and shows that the summons was returned before the return day with *non est* as to Reaves, and upon this *non est* return, order of publication was made as to Reaves, who was in fact a resident of Denver, Colorado. It also shows that after the publication and before the term at which judgment was taken Reaves was in Springfield upon a visit and while there signed the waiver of service set out in the finding of facts. The evidence conclusively shows that in 1899, Reaves, being unable to further pay on the deed of

trust held by Mills, turned the property over to Mills, and that Mills thereupon conditionally sold it to A. C. McKnight, a defendant in the present case, agreeing to make him a warranty deed when he had paid for the same, and under this agreement McKnight had paid and Mills had received about four hundred dollars of the agreed price of six hundred dollars. Reaves has ever afterwards acquiesced in Mills's claim of ownership and even defaults in this case.

As to how Mills came into possession of the property is best shown by his admissions on the trial and to McKnight with whom he had a conditional contract of sale. While on the stand among other things, he said:

"Q. Now, Don Reaves turned this property over to you in 1899?   A.   Yes, sir.

"Q.   In 1899?    A.   No.

"Q.   Well, before you turned it over to Mr. McKnight?    A.   He turned it over perhaps in 1898.

"Q.   Now, what was the agreement at the time he turned it over to you?    A.   Oh, he just simply says, 'I can't pay; take the property.'

"Q.   Under the deed of trust?    A.   Yes.

"Q.   He was to give you a deed?    A.   That was all; simply take the property.

"Q.   Did he give you a deed at that time for the property?    A.   No, sir.

"Q.   He gave you possession of the property under your deed of trust?    A.   Yes."

McKnight as a witness said:

"Q.   He told you about the Don Reaves incumbrance, and you talked about the expense of foreclosing the deed of trust and getting title?    A.   No, he said Don Reaves had turned the title over to him and everything was in his hands, and that that was all right, and I told him that I would like to have it so he could make me out the deed to the place and make

out my notes and he said it wasn't necessary to go to all that expense, and I told him something might happen, and I says I would rather have it that way.

"Q. What did he tell you about the Reaves deed of trust, about the amount of it? A. He told me that was all settled, that Don Reaves had turned it over to him.

"Q. What did he tell you about the amount of the incumbrance? A. He didn't tell me anything about any incumbrance.

"Q. Then, you went into possession in March, 1899? A. Yes, sir."

The evidence also discloses default as to the deed of trust long prior to the time the property was turned over by Reaves with the statement, "I cannot pay; take the property." Mills then and there took possession, and afterwards made the conditional sale to McKnight, i. e., that if he would pay interest and taxes and six hundred dollars, he would make him a warranty deed upon such payment.

The legal title at the making of the deed of trust was vested in Delaney. [Schanewerk v. Hoberecht, 117 Mo. 22; Adams v. Carpenter, 187 Mo. l. c. 634.] In addition to this we have the property actually turned over to the beneficiary and in his possession long before the service of process upon him and Delaney in the tax proceeding. These two parties were legally served, and whatever interest they had passed by the tax sale. And this although there was no valid service upon Reaves. Such a judgment may be valid as to part and invalid as to the others. The precise question in a tax judgment was considered in the case of Neenan v. St. Joseph, 126 Mo. 89, wherein we said:

"The spirit of the law has been greatly changed and modified by the code, and the later decisions, following this spirit, have reached the conclusion that a

judgment is not to be regarded as an entirety in the sense of not being amendable or subject to correction, as to one of the parties, unless the substantial rights of the others would be injuriously affected thereby. [State ex rel. v. Tate, 109 Mo. 269, and cases there cited and reviewed; Bensieck v. Cook, 110 Mo. 183.] That we take to be the true rule.

"There only remains for determination in this case the question whether the other defendants, who are not complaining, would be unfairly prejudiced by vacating the judgment as to the minor defendant, who is complaining.

"A judgment in these statutory suits for taxes is strictly one against the property alone, and does not bind the parties further than it may affect their interest in the property itself.    Yet, unless one having an interest in the land is made a party to the suit, his interest is not affected by the judgment.    [Allen v. McCabe, 93 Mo. 138; Williams v. Hudson, 93 Mo. 524.] The only effect the order vacating the judgment as to one defendant could have on the rights of the other defendants would be to charge the entire taxes upon their interest.    The same effect would result should one owner be entirely omitted from the suit and judgment, yet the judgment in that case would be good, and would bind the interest of those made parties for the entire tax.    [Allen v. McCabe, supra.]

"The policy of the revenue law is to charge the land and every interest therein with the delinquent taxes, and not to look to the owners, personally, for its payment.    It leaves the owners, whose interests may be complicated, to adjust their rights among themselves.    It is the duty of each owner, as between himself and the State, to pay the taxes charged against the land, and the law advises him that a neglect of that duty will render his interest subject to sale therefor.    Such being the policy, as well as the letter, of

 
the statute, we are unable to see that the other defendants can·complain, after judgment, that the interest of one of the parties was not bound by the judgment. The judgment, as amended, would only require what the law before judgment required, viz., the payment of the tax charge upon the land.''

But beyond this the tax judgment went against Reaves both upon the order of publication and the waiver of service hereinabove described.   We shall not discuss the publication, but in our judgment the acknowledgment of service made in writing on the petition, instead of the summons attached thereto, by the defendant Reaves, is only an irregularity and would not subject the judgment to collateral attack, even by Reaves.   [Perryman v. State to use, 8 Mo. 208.]   In this case Reaves not only acquiesced in the tax judgment, but he further continued to acquiesce therein by making default in the present case.   Nor has the defendant Mills, if his interests have legally passed, the right to invoke the aid of the courts for Reaves.

It might be stated, however, that whilst the validity of the service upon Reaves is squarely raised in the record, as first above indicated, it is not pressed in the able brief of counsel, but seems to have been practically abandoned.

V.   There is also some claim made that there had been a payment of the tax judgment by Mills prior to the sale and that Walker had knowledge of such fact.   This contention is not borne out by the evidence.   The weight of the evidence is otherwise.

Upon the whole this case was fairly tried and determined.   The judgment is therefore affirmed.

All concur.