WHEELER AND OTHERS v. YENDA AND OTHERS.

Where a tax deed purports to convey all the right, title, &c., of a particular person or any unknown owner, under him, the purchaser takes the title as conveyed; no other will pass by the deed.

Error from Victoria. Trespass to try title by appellees against appellants. Plaintiffs proved original grant to Caciana Sambrano; and that they were her heirs; and that Manuel Yenda, her husband, died in 1828 or 1829. The defendants offered a tax deed made on a sale of taxes in 1850, for the taxes of 1851, which purported to convey " the right, title " and interest of Yenda, or of any other owner or claimant of

" the same, unknown, under him." The deed was excluded ; and the defendants excepted. There was judgment for the plaintiffs ; and the defendants prosecuted this writ of error.

*J. N. Mitchell*, for plaintiffs in error.

*Lytle & Stockdale*, for defendants in error.

WHEELER, J. This case is now a second time before the Court; the former appellants being now the appellees. The facts necessary to a proper understanding of the case, will be found in the report of our former decision, when the case was remanded for a new trial. (Yenda v. Wheeler, 9 Tex. R. 408.) The only evidence offered by the defendants, (now appellants,) upon the second trial, was the Assessor's deed ; which was before passed upon and decided to be inoperative and ineffectual to pass the title of the plaintiffs to the Assessor's vendees, the defendants ; and which, it was held, should, therefore, have been excluded from the jury. (Id. 421.) The Court, in accordance with that opinion, ruled, that the deed was not evidence of title in the defendants, and excluded it from the jury ; and the propriety of this ruling is the only question presented for revision. We have reviewed our former decision, where this question is fully considered and determined ; and we are of opinion that the ruling of the Court, in excluding the deed in question, was manifestly correct, for the reasons there stated. We have attentively considered the written argument of counsel for the appellants, again earnestly pressed upon our attention, and have perceived in it no new view of the question ; none which was not perfectly comprehended, and given all the weight to which it was thought to be entitled, on the former hearing ; or which is deemed to require further notice. The judgment is affirmed.

Judgment affirmed.