## J. M. BLAIR v. GUARANTY SAVINGS, LOAN AND INVESTMENT COMPANY.

### Decided March 16, 1909.

**1.—Homestead—Mortgage—Subrogation.**

Where husband and wife executed a deed of trust on the homestead to secure a loan for the purpose of taking up or extending vendor's lien notes and a mechanic's lien, with the understanding that these were to be assigned to the mortgagee, and the notes and lien were so assigned together with the superior title of the vendor, the mortgagee became subrogated to all the rights arising from these liens and was vested with the superior title, and the deed of trust was not void.

**2.—Same—Mortgage—Foreclosure—Tax Lien—Redemption.**

The husband and wife having submitted to a judgment foreclosing the lien under the deed of trust, and the mortgagee having become the purchaser at the foreclosure sale, one claiming under a judgment against the mortgagors foreclosing a lien for taxes, could not, in a suit by the mortgagee to enforce the right of redemption, set up the claim that the deed of trust was void because of the homestead character of the property. The judgment established conclusively both the debt and the lien.

**3.—Homestead—Foreclosure of Lien—Pleading.**

In an action to foreclose a deed of trust on homestead property it was unnecessary to allege in the petition the facts which rendered the lien valid, unless to meet a defense that the property was the homestead of the mortgagors.

**4.—Judgment—Foreclosure of Tax Lien—Redemption—Statute—City Charter.**

Where the statute provides that the proper persons shall be made parties defendant in suits to foreclose tax liens, and that in case of foreclosure an order of sale shall issue and the land be sold thereunder as in other cases of foreclosure, which order of sale shall have all the force and effect of a writ of possession between the parties to the suit and any person claiming under the defendant by any right acquired after the filing of the suit; and further provides that the deed made under such sale "shall be held in all courts of law or equity in this State to vest a good and perfect title in the purchaser," the latter provision must be held to mean a good and perfect title as against the parties to the suit, and one not made a party, who holds under a junior incumbrance, has the same right to redeem from the tax lien which is the superior encumbrance, as he had before the sale. Charter of City of Houston, art. 3, sec. 8 (Special Laws 29th Leg. p. 148).

**5.—Redemption—Sale for Taxes by Collector—Sales under Foreclosure of Tax Lien—Statute—City Charter.**

Section 11, art. 3 of the charter of the city of Houston applies solely to summary sales of property delinquent for taxes by the tax collector, and the redemption thereof. When the sale is under a judgment of foreclosure of the tax lien, the procedure and right to redeem is governed by section 8, art. 3, of the charter, and in such case one having the right to redeem is required only to pay the amount of the claim for taxes, penalties and costs, not to include the costs of the tax suit or the costs of the sale, with interest from the date of the sale to date when the amount is tendered with an offer to redeem.

**6.—Same—Rents.**

Where the statute provides that the sheriff making a sale under a judgment foreclosing a tax lien shall put the purchaser in possession under the authority of the order of sale in twenty days, a purchaser can not be required to account to one enforcing by suit the right to redeem for rents while in possession under the process.

Appeal from the District Court of Harris County. Tried below before Hon. Norman G. Kittrell.

*Blair & Kirkpatrick,* for appellant.—The court erred in rendering judgment for the plaintiff, because plaintiff failed to make out a case allowing it the right to redeem the said property from defendant, because he did not plead and prove that the $600 as the consideration of the deed of trust on the said homestead executed by William and Mary Bartley on February 1, 1899, in favor of the Guaranty Savings, Loan and Investment Company, of Washington, D. C., or any part of it, was used to extinguish or extend the eight vendor's lien notes outstanding in J. L. Britton and the mechanic's lien outstanding in J. W. Winters. Texas Land & Loan Co. v. Blalock, 13 S. W., 12; Faires v. Cockrill, 31 S. W., 190; Land Mortgage Bank of Texas v. Quanah Hotel Co., 32 S. W., 573; Dixon v. National Loan & Investment Co. of Detroit, Mich., 40 S. W., 541; Hillyer v. Westfall, 67 S. W., 1045; Kallman v. Ludenecker, 28 S. W., 579; Hill v. Harris, 108 S. W., 489; Letzerich v. Lidiak, 70 S. W., 773.

When the mortgagor conveys the mortgaged property and the mortgagee has notice of the conveyance, the grantee is a necessary party to a suit for foreclosure, and sale of the property under a decree to which he is not a party does not affect his right. Davis v. Lanier, 61 S. W., 385; Nix & Story v. Cardwell, 2 Posey's U. C., 266; Bradford v. Knowles, 25 S. W., 1117.

A trustee under a deed of trust does not get the legal title. Therefore, the fee of the property remaining wholly in the Bartleys after the deed of trust was given, they were the only necessary parties to the tax suit. The Bartleys being parties to suit 39,043, their interest passed by the said sale to defendant. The Bartleys were the mortgagors, and even though the court be of the opinion the Guarantee Savings, Loan & Investment Company was a necessary party to suit 39,043, and that this was a valid mortgage on the homestead, and that plaintiff's rights were not cut off by said tax suit, yet the plaintiff stands today a mortgagee of the property, because he did not make defendant a party to suit 40,518; therefore the title of William and Mary Bartley to this property is in defendant J. M. Blair, subject to plaintiff's mortgage.

People v. Weber, 45 N. E., 723 (Illinois), passing directly upon this point, holds that a mortgagee of the homestead is not a necessary party to a tax suit to foreclose lien for taxes. Jenkins v. Newman, 23 N. E., 683 (Indiana), holds that a judgment lien holder is not a necessary party to a tax suit. Bradford v. Knowles, 25 S. W., 1117; Lockridge v. McCommon, 38 S. W., 35.

A mortgagee of said property, in order to redeem from said tax sale, must pay the same amount to the purchaser at said sale that the owner must pay.

*Hutcheson, Campbell & Hutcheson,* for appellee.

REESE, ASSOCIATE JUSTICE.—The Guaranty Savings, Loan & Investment Company instituted this action in the District Court against J. M. Blair, in trespass to try title for a certain lot in the city of Houston. Plaintiff also set up the purchase by Blair of said lot under a judgment for city taxes, and sought to redeem. Plaintiff after-

wards abandoned its action of trespass to try title, and the suit became one solely to redeem from the tax sale. Upon trial plaintiff had judgment sustaining its right to redeem upon payment of the amount of taxes, costs and penalties sued for in the tax suit, with interest thereon, together with costs of that suit. From the judgment defendant prosecutes this appeal.

The facts are as follows: J. L. Britton sold and conveyed the property to William and Mary Bartley January 25, 1896, reserving the vendor's lien to secure eight notes for $50 each, given for the purchase money. The Bartleys being desirous of securing an extension of these notes procured from the appellee a loan of $600. The Bartleys, on February 1, 1899, executed to appellee a deed of trust on the property to secure the $600. The money thus procured was applied, in accordance with the agreement and understanding of the parties, to take up the vendor's lien notes aforesaid and also a mechanic's lien given by the Bartleys, husband and wife, executed as required by the statute for improvements on the property for $150, and the vendor's lien notes and mechanic's lien were assigned and transferred to appellee, as was also the superior title of Britton as vendor. The assignments of the notes and superior title were dated March 1, 1899, and of the mechanic's lien March 7, 1899, and were both duly recorded in March, 1899. The deed of trust recites that the money was for the purpose of extending the vendor's and mechanic's liens; that the liens are not waived, but appellee is expressly subrogated to the rights of the holders thereof as additional security. At the date of the deed of trust the property was occupied by the Bartleys as a home and they continued to so occupy and use the same until sometime thereafter, but abandoned the same prior to the institution of the suit to foreclose the said deed of trust, as hereafter set out.

On July 16, 1906, appellee instituted suit against the Bartleys, husband and wife, on the note for $600 and to foreclose the mortgage or deed of trust lien. This suit was numbered 40,518 in the District Court of the Sixty-first District of Harris County. Service was had January 22, 1907, and thereafter judgment was rendered against the defendants for debt and foreclosure, order of sale was issued, under which sale was made, and deed executed to appellee.

In cause No. 39,043 in the District Court of the Eleventh District of Harris County, on October 15, 1906, the city of Houston recovered judgment against William and Mary Bartley for $62.15 taxes, costs and penalties due the city on the property in question, and foreclosing the tax lien on the property. Order of sale issued on this judgment, under which appellant became the purchaser of the property and the property was conveyed to him. The date of the institution of this suit is not shown. The proceedings in both of the cases aforesaid were in all things regular. Appellant paid at the sale to him $85.43, being the amount of the tax judgment, and also costs of that suit and costs of sale. The date of appellant's purchase is not shown, but it seems to be assumed that it was prior to the date of service on the defendants, Bartleys, in cause No. 40,518. The date of appellee's purchase is not shown, but it appears that it was subsequent to the rendition of the judgment in the tax suit. Appellee was not made a

party to the tax suit, nor was appellant made a party to the suit of appellee against the Bartleys. Appellant has had possession of the property since February 1, 1907, and the rental value is agreed to be $6 per month. The cause was tried February 6, 1908.

By the first two assignments of error appellant questions the right of appellee to redeem at all, on the ground that the property was at the time of the execution of its deed of trust the homestead of the Bartleys, and the deed of trust therefore void. Incidentally to this the statement is made that, in the petition to foreclose the deed of trust, no reference is made to the vendor's lien and superior title transferred to appellee, nor of the mechanic's lien. It is indisputably clear from the evidence that the $600 loan was applied for by the Bartleys for the purpose of taking up or extending the vendor's lien notes and the mechanic's lien, with the understanding that these were to be assigned to appellee as additional security, and that the money was so used and the notes and mechanic's lien assigned to appellee, together with Britton's superior title. Appellee thus became subrogated to all the rights arising from these liens, and became also vested with Britton's superior title as vendor. It does not matter that appellee did not set up these facts in the suit to foreclose the deed of trust. It was not necessary to do so except to meet a defense that the property was the homestead, on the part of the Bartleys. We gather that no defense was made to this suit, the property having been abandoned. Independently of all of this, however, having submitted to a judgment foreclosing the lien, it would be too late now for the Bartleys to set up the claim that the deed of trust was void on account of the homestead character of the property. Certainly appellant can not be heard to so impeach the judgment. The judgment establishes conclusively both the debt and lien. (Barrett v. Eastham, 28 Texas Civ. App., 189). This disposes of the contentions of appellant as set out in the first and second assignments of error, which are overruled.

This leaves only the question of the amount required to be paid by appellee to redeem the property from the tax sale. It is admitted by appellee that the tax lien was superior to its lien and title, and its right to redeem is resisted by appellant only on the ground that the property was the homestead of the Bartleys, and therefore appellee's deed of trust was void, which contention, as we have said, can not be sustained. Both parties refer, in their brief, to the provisions of section 11, article 3 of the charter of the city of Houston (Special Acts Twenty-ninth Legislature), upon the question of the right to redeem and the terms upon which redemption may be had. This section of the charter, we think, applies solely to summary sales of property delinquent for taxes by the tax collector and the redemption thereof, and has no application to the present case which is a sale under a judgment of foreclosure of the tax lien, the procedure in which is prescribed by section 8, article 3 of the charter. Appellee held his title and right subject to the superior lien of the city for taxes. He had the right to pay such taxes and redeem the property from such superior lien. This right was not foreclosed by the judgment under which appellant bought, appellee not having been a party to that suit.

Section 8, article 3 of the charter provides that "the proper persons shall be made parties defendant in such suits, shall be served with process and other proceedings had therein, as provided by law for suits of like character in the District Courts of this State, and in case of foreclosure an order of sale shall issue and the land be sold thereunder as in other cases of foreclosure, which order of sale shall have all the force and effect of a writ of possession between the parties to the suit and any person claiming under the defendant by any right acquired after the filing of the suit." It is further provided that the deed made under such sale "shall be held in all courts of law or equity in the State to vest a good and perfect title in the purchaser thereof." By this is meant, we think, a good and perfect title as against the parties to the suit. (2 Cooley, Taxation, 886; Blackwell, Tax Titles, 548; Yenda v. Wheeler, 9 Texas, 408; s. c., 11 Texas, 562; Dyer v. Bank of Mobile, 14 Ala., 622; Stafford v. Fizer, 82 Mo., 393; Evans v. Robertson, 92 Mo., 192; Nashville v. Cowan, 10 Lea, 209.) The question, however, is not free from doubt under the authorities. (See Ferguson v. Quinn, 33 L. R. A., 689, and authorities cited in note.)

We think, therefore, that appellee was not bound, nor its rights foreclosed, by the sale to appellant. Not having been made a party to that suit, appellee, holding under the junior encumbrance, has the same right to redeem from the tax lien, which is the superior encumbrance, as it had before the sale. The sale and sheriff's deed, so far as concerns appellee's rights, only subrogated appellant to the lien of the city of Houston for the taxes, tax penalties and tax costs, which appellant has paid. It can not be said that appellee should be required to pay double the amount paid by the purchaser at the tax sale. The provision of the charter requiring the owner to do this only (and specially) applies to summary sales by the tax collector. (Sections 8 and 11, article 3, charter city of Houston, Special Laws Twenty-ninth Legislature; San Antonio v. Berry, 92 Texas, 319.) What appellee should be required to pay then, in order to redeem, is the amount of the claim of the city for taxes, penalties and costs, not including the costs of the tax suit or the costs of the sale. This amount is $62.15, and appellant is entitled to interest at six percent upon this amount from the date of the sale to him October 15, 1906, to October 15, 1907, when appellee made the tender and offered to redeem. (2 Jones, Mortgages, section 1075.) To the extent that the judgment of the trial court required appellee to pay the costs of the tax suit and sale, it was erroneous, and the first cross-assignment of error of appellee is sustained.

By its second cross-assignment of error appellee contends that appellant should be required to pay rents while in possession or, at least, that the rents should be applied to the payment of the amount of taxes, etc., paid by appellant. To this we do not agree. Appellant's deed gave him the title and right of immediate possession as against Bartley, who was foreclosed. The case of Bente v. Sullivan (115 S. W., 353) does not apply. The provisions of the charter of the city of Houston under which the sale was made especially provides that the sheriff shall put the purchaser in possession under the authority of

the order of sale in twenty days. As the case stands we do not think appellant should be required to account to appellee for rents. (2 Jones, Mortgages, sections 11, 8; Renard v. Brown, 7 Neb., 449.)

None of the assignments of error of appellant, or propositions thereunder, present any ground for reversal of the judgment. Upon the first cross-assignment the judgment will be reformed so as to require appellee to pay to appellant $62.15 with interest at six percent per annum from October 15, 1906, to October 15, 1907, and as thus reformed the judgment is affirmed.

*Reformed and affirmed.*