### SMITH et ux. v. LOCKHART.
No. 6082.

Court of Civil Appeals of Texas. Texarkana.

Dec. 16, 1943.

W. J. Durham, of Dallas, for appellants.

F. M. Scott and Geo. L. Huffman, both of Marshall, for appellee.

WILLIAMS, Justice.

Appellants, Ed Smith and wife, Clara, on January 11, 1936, executed, acknowledged and delivered to Thomas L. Lockhart, the appellee, an instrument, regular in form as a warranty deed, which recites a consideration of $1,200 cash paid by Lockhart to the Smiths and which purports to convey to Lockhart certain contiguous parcels of land (less than 200 acres) in fee simple. The parcels will hereafter be referred to as the farm.

Thereafter Lockhart sued the Smiths for the title and possession of this farm, being No. 10442 on the docket of the District Court of Harrison County. Lockhart pleaded a trespass to try title action in statutory form. Art. 7366, Vernon's Ann. Civ.St. The Smiths answered with a plea of not guilty. Further answering, they alleged the existence of above deed but that in its execution it was intended by them and Lockhart to serve as a mortgage to secure the repayment of certain money loaned to them by Lockhart; that the farm constituted at all times their homestead; and for such reasons set up the invalidity of the instrument as a mortgage lien. They prayed for cancellation of the deed and for removal of° cloud cast upon their title by reason of its recordation on January 11, 1936, in the deed records of Harrison County.

The Smiths and Lockhart in person and with their respective attorneys proceeded to trial and on November 19, 1940:

"* * * at which time the parties, plaintiff and defendants, appeared in open Court and announced that they had settled all matters and things in dispute between them, as well of fact as of law, namely:

"That judgment be entered for plaintiff, Thomas L. Lockhart, for the title and possession of the land in controversy, and that the costs be taxed against the defendant, Ed Smith, and asked that said cause be withdrawn from the jury, and thereupon the Court discharged said jury by agreement of all parties in open court.

"And the court finding that said settlement is fair to all parties concerned, it is therefore ordered, adjudged and decreed by the Court that plaintiff, Thomas L. Lockhart recover of and from the defendants, Ed Smith and Clara Smith, the title and possession of the following described property: * * *."

The same day of entry of the above judgment, Lockhart executed and delivered to the Smiths a deed conveying to them the farm. This deed recites as the consideration the execution and delivery by the Smiths to Lockhart of one promissory vendor's lien note for $800, payable to Lockhart in four annual installments of $200 each, and retained the vendor's lien to secure its payment.

Thereafter on October 22, 1941, no payments having been made on above note, Lockhart filed suit for title and possession of the land. He alleged a trespass to try title action in statutory form. To this suit, being No. 11247 on the docket of the District Court of Harrison County, the Smiths answered with a plea of not guilty. They again sought to cancel the 1916 deed as being a simulated transaction and intended as a mortgage lien, substantially pleading in effect what had been set up by them in their answer in cause No. 10442. With respect to the judgment rendered in cause No. 10442, the Smiths pleaded:

"* * * prior to November 19th, 1940, the plaintiff filed in this court a certain lawsuit numbered 10442, styled Thomas L. Lockhart v. Ed and Clara Smith. And that on or about the 19th day of November, 1940, an attempt was made on the part of the plaintiff to have these defendants ratify the purported mortgage and lien hereinbefore described, upon their aforesaid homestead. And upon such purported ratification the plaintiff, Thomas L. Lockhart, did, on the 19th day of November, 1940, have judgment entered in said cause against these defendants upon said ratification agreement. That said ratification agreement was null and void, and was without any binding force and effect; and, said judgment, based upon said purported ratification agreement was null and void for the reason that said mortgage was void in its incipiency, and the same could not be ratified by the defendants for the reason that the defendants were powerless to make a valid lien on their homestead at the time said purported ratification agreement was made under said purported mortgage and at the time said judgment was entered, and at all times from January 11th, 1936, up to and including the date of filing this answer, save and except for the purchase price of said property and improvements thereon. And that said loan was not procured for either of aforesaid purposes.

"Defendants charge that at the time said purported ratification agreement was entered into, and at the time plaintiff had judgment entered upon said agreement, the defendants were then using and occupying the land described in plaintiff's petition, as their homestead, and a lien could not be placed thereon. And * * * because of all of the foregoing facts, that the defendants were without authority to confirm by compromise agreement, or to settle the aforementioned lawsuit by compromise agreement to enforce the alleged

lien, in violation of Article 16, Section 50 of the Constitution of the State of Texas;"

They prayed that plaintiff take nothing by the suit, and that they be quieted in their title against the claim and apparent claim of plaintiff. The judgment entered in No. 11247 on January 28, 1942, which awarded Lockhart title and possession of the land, recites in its preamble, "Came plaintiff by his attorney and announced ready for trial and the defendants, though having filed an answer in this cause on November 18, 1941, failed to appear in person or by their attorney but wholly made default, * * *."

In the instant suit, in the nature of a bill of review, filed by Ed Smith and wife on February 15, 1943, they seek to set aside the judgments rendered in causes Nos. 10442 and 11247; and to cancel and hold for naught the 1916 deed; and prayed that their title be quieted forever against the claim and the apparent claim of Lockhart. This relief was denied. Their pleadings to cancel the 1916 instrument as a deed and to vacate the judgment entered in 10442 were the same as they had alleged in their answer in cause No. 11247, above detailed. With respect to the judgment entered in cause No. 11247, they pleaded that their attorney, in compliance with Rule No. 246 of the Texas Rules of Civil Procedure, had delivered to the Harrison County district clerk a self-addressed stamped envelope with request that the attorney be notified of the setting in cause No. 11247, and the clerk "through accident, mistake and oversight" failed to notify their attorney, that appellants did not learn of the entry of such judgment until immediately prior to the date of filing the instant suit.

Evidence on all issues presented under the pleadings were heard in the trial of the instant suit. The court's findings are incorporated in the judgment. The court found that the judgment in 10442 "was entered after said cause had been upon trial for 1½ days, during which the court heard evidence of the parties and their witnesses and this court entered said judgment at the instance and request of all parties and their respective attorneys." The decree further recites that Ed Smith and wife "were in no way overreached or defrauded in the entry of that judgment"; that Ed Smith and wife "were advised of said judgment and being present when it was rendered, took no steps at that term of

court for a new trial and negligently failed to pursue their legal remedy by appeal from said judgment and the court here now finds that plaintiffs in the instant case are wholly without equity in the instant case."

Appellants were represented by attorneys of their choice in cause No. 10442, and after one and one-half days consumed in that trial, the respective attorneys for plaintiffs and defendant, as a result of negotiations, reached a settlement agreement of the suit and then retired to a law office where a draft of the judgment, based upon such agreement, was reduced to writing. All litigants with their respective attorneys were present in the law offices when it was reduced to writing and were present in the court room when the judgment to be entered was announced and the jury discharged. The draft of the judgment was approved by the attorney for the Smiths. Appellants made no attempt to appeal from such judgment. Approximately four terms of court had elapsed before appellants made an attack on this judgment, this being made in their answer to the suit filed by Lockhart in No. 11247, a year later. Appellants did not allege in any pleadings nor do they now contend in their brief that they were overreached in the judgment entered in 10442 or that its entry was the result of fraud or accident. Applicable to the foregoing, it is stated in Black on Judgments, Sec. 378: "The rule is well settled and perfectly inflexible that if the defendant in an action at law had a good defense, purely legal in its nature, of the existence of which he was aware, and which he had an opportunity to test, but neglected to defend himself, he cannot come into equity seeking relief against the judgment in that action, on the same grounds which constituted that defense, unless his failure to make the defense was due to circumstances of fraud, accident or surprise, entirely unmixed with negligence or fault on his own part." 34 C.J., Judgments, Sec. 712; Smith v. Ferrell, Tex. Com.App., 44 S.W.2d 962; Pass v. Ray, Tex.Civ.App., 44 S.W.2d 470; Hacker v. Hacker, Tex.Civ.App., 110 S.W.2d 923; Reynolds v. Volunteer State Life Ins. Co., Tex.Civ.App., 80 S.W.2d 1087.

We are not in accord with appellants' contentions that the judgment entered in 10442 was void, the "Court being without jurisdiction to enforce a mortgage lien on a homestead under an agreed judgment by the parties"; and that the parties "could

not make the agreement in the first instance and could not have the court make such agreement in the form of the judgment entered in 10442". It appears that the pleadings in cause No. 10442 introduced in the instant trial raised the issue whether the 1916 deed represented a simulated transaction or a bona fide sale of the land therein described. Evidence on such issue was introduced and heard in the instant suit by the court, who found as recited in the judgment, that the 1916 deed "executed and delivered to said Lockhart, was a bona fide transaction for the sale to Lockhart" of the land; "that Lockhart paid a valuable consideration for said property which was received by plaintiffs; and that there was no understanding, either expressed or implied, by the grantors and grantee therein * * * that said instrument * * * should stand as a mortgage for a loan to plaintiffs or either of them."

■ If it be assumed that the 1916 deed was a simulated transaction as an attempt to fasten a lien upon a homestead, and that Lockhart's suit in 10442 was an action to foreclose such a lien, we are of the opinion, and so conclude, that appellants having submitted to such a judgment and thus having waived their right to assert their claim with respect to homestead available to them at the time of entry of the agreed judgment, they are now precluded from asserting such claim in the instant suit. "One who desires to avail himself of the homestead right must assert it." 22 Tex.Jur. Sec. 16, p. 31; Sec. 11, p. 24; Nichols v. Dibrell, 61 Tex. 539; Tadlock v. Eccles, 20 Tex. 782, 73 Am.Dec. 213; Blair v. Guaranty Svgs. Loan & Inv. Co., 54 Tex.Civ.App. 443, 118 S.W. 608, 609. As stated in Tadlock v. Eccles, supra, "if the decision was erroneous the defendant had his remedy by an appeal or writ of error to reverse the judgment." See authorities first herein cited.

■ We pretermit a discussion of the evidence with respect to the alleged failure of the district clerk to give appellants' counsel notice of the date the cause No. 11247 was set for trial, other than to point out that the evidence offered by appellee denied that a self-addressed stamped envelope had been furnished the clerk with the request of notice of setting the case for trial. No allegations were made in appellants' petition, either in cause No. 11247 or in the instant trial that the $800 note or any part of same had been paid. If appellants had been present in the hearing in cause No. 11247, they would be concluded by the judgment entered in No. 10442 for the reasons above stated. We need not discuss the evidence with respect to the court's finding that the 1916 deed was a bona fide sale of the land, other than to point out that the evidence presented a question of fact.

The judgment will be affirmed.