## E. A. HAGOOD v. D. A. AIKIN.

(Case No. 1287.)

1. JUDGMENT — INTEREST ON.— In a suit on notes executed January 1, 1876, bearing interest at the rate of two and one-half per cent. a month, it was not error to render judgment for the principal and interest due upon the notes up to judgment, and to make the judgment bear interest from its date upon such aggregate sum at the same rate of two and one-half per cent. per month.

2. SAME — CONSTITUTION.— Art. XVI, sec. 11, of the constitution, does not regulate the entry of judgments upon contracts made previous to its adoption.

3. SAME — STATUTE CONSTRUED.— Article 2930, R. S., means that a judgment shall bear the same interest as the contract upon which it is founded, if the rate were lawful at the time the contract was made, even though it may exceed the highest rate which may be contracted for since the adoption of the constitution.

ERROR from Anderson. Tried below before the Hon. Peyton F. Edwards.

The case is sufficiently stated in the opinion.

*Greenwood & Gooch*, for plaintiff in error.

I. The court erred in rendering a judgment for two and one-half per cent. interest per month on the interest which had accrued at that rate up to the date of the judgment; thus adjudging that appellant's intestate should pay compound interest at the rate of thirty per cent. per annum, when appellant's intestate never agreed to pay that rate of interest upon interest, and when at the date of judgment the constitution and laws forbade conventional interest above twelve per cent. per annum; said judgment, as thus rendered, being based neither upon the contract of the intestate, W. A. Hagood, nor upon the laws of the land at the date of its rendition. A valid judgment is the very voice of law and right; and where a contract to pay money with two and one-half per cent. interest per month was entered into January 1, 1876, at which time the constitution of 1869 was in force, which did not prohibit usury, such a contract, bearing such a rate of interest, was valid and binding, under the constitution of 1869, on the obligor, and in default of payment at maturity, the obligee had the right to sue and recover thereon the principal sum of money promised, with the interest due up to the date of judgment, notwithstanding the constitution adopted in 1876 prohibited usury or conventional interest above twelve per cent. per annum. But the obligee on such a contract, under the constitution of 1876, could not legally recover judgment for interest upon interest at the rate of two and one-half per cent. per month, and could legally recover interest upon interest, if at all, at

the legal rate only, viz., eight per cent. per annum. See art. XII, sec. 44, Const. of 1869; art. XVI, sec. 11, Const. of 1876; R. S., arts. 2976, 2978, 2980; Freeman on Judgments, sec. 441.

II. A judgment based on the common law bears no interest, and a judgment, to bear interest at all, must be based upon a statute; and the statute of this state, at the date of the judgment in this case, provided that the judgments of the courts of this state shall bear interest at the rate of eight per cent. per annum from the date of judgment, except where the contract upon which the judgment is founded bears a specified interest greater than eight per cent. per annum, and not exceeding the highest rate permitted by law, in which case the judgment shall bear the same rate of interest provided in the contract from and after the date of the judgment; and that the rate of interest provided in the contract in this case was two and one-half per cent. per month on the principal sum specified in the contract, and the judgment should bear that rate as to the principal, as per contract. There being no provision or agreement about interest upon interest, the interest due at the date of judgment could not be decreed by the court to bear interest without violating the 44th section of the constitution of the state, as well as the statute above quoted. See authorities above in support of this proposition; also Strokely v. Thompson, 34 Pa. St., 210; Sloo v. Powell, Dallam, 470; Holdeman v. White, id., 509.

*Gammage & Gregg*, for defendant in error, cited: Const. 1869, art. XII, sec. 44; R. S., arts. 2972, 2973, 2976–2980; Pasch. Dig. Laws, arts. 1132 and 3940; Coles v. Kelsey, 13 Tex., 77, 78; Hopkins v. Crittenden, 10 Tex., 189, 190; Jewett v. Thompson, 8 Tex., 437; Townsend v. Smith, 20 Tex., 465; Wait's Actions and Defenses, vol. 4 p. 121, sec. 1; p. 133, sec. 9; p. 143, secs. 20, 21, 22 and 25.

STAYTON, ASSOCIATE JUSTICE.— The question in this case is, was it error, in a suit brought upon promissory notes executed on the 1st of January, 1876, which provided for the payment of interest at the rate of two and one-half per cent. per month from their date until payment should be made, to enter judgment, since the adoption of the present constitution, for the principal and interest due upon such notes up to judgment, and to make the judgment bear interest from and after its date, upon such aggregate sum, at the same rate which the parties contracted the notes should bear.

At the time the notes were executed, it was legal to contract for interest at any rate upon which the parties could agree, and under

the statute which existed at that time, as the same has been construed by this court in a number of cases, it was proper so to enter the judgment. Pasch. Dig., 3943; Frazier v. Campbell, 5 Tex., 275; Jewett v. Thompson, 8 Tex., 437; Coles v. Kelsey, 13 Tex., 78; Mathews v. Hancock, 20 Tex., 7.

The statute then in force provided that " All judgments of the several courts of this republic shall bear interest at the rate of eight per cent. per annum from and after the date of judgment, and the same shall be recovered and allowed; provided, however, that such judgments shall be given only upon contracts hereafter made, in which there may be no more than eight per cent. stipulated in writing."

Parties must be understood to have contracted with reference to the statute above quoted and the settled construction placed thereon by this court.

It is true that the present constitution, which was adopted since the contracts sued upon in this case were made, does provide that conventional interest shall not exceed twelve per cent. per annum (Const., art. XVI, sec. 11); but it can only operate upon contracts made since its adoption, and it neither invalidates contracts made before that time which provide for a higher rate of interest, nor regulates the entry of judgment upon such contracts.

The act of 18th January, 1840 (Pasch. Dig., 3943), was in force when the notes were executed upon which the judgment in this cause was rendered, and has never been repealed; but has been practically continued in force, with the construction thereof by this court incorporated therein, and made a part thereof.

The statute now provides that " All judgments of the several courts of this state shall bear interest at the rate of eight per cent. per annum from and after the date of judgment, except when the contract upon which the judgment is founded bears a specified interest greater than eight per cent. per annum, and not exceeding the highest rate of conventional interest permitted by law, in which case the judgment shall bear the same rate of interest specified in such contract, and after the date of such judgment." R. S., 2980.

We understand this statute to mean that a judgment shall bear the same interest as the contract upon which it is founded, if such rate of interest does not exceed the highest rate of interest *permitted by law* at the time the contract was made, even though such rate may exceed the highest rate of interest which may be contracted for since the adoption of the present constitution.

The agreement to pay interest at the rate at which the judgment was rendered was legal and binding at the time of rendition of the

judgment, because not unlawful at the time the notes were executed, and upon such contracts, the rate of interest for which the judgment was rendered was "permitted by law," and there was no error in so entering it.

The judgment of the district court is affirmed.

AFFIRMED.

[Opinion delivered October 16, 1881.]