[No. 1176. Decided March 6, 1894.]

THE CITY OF SEATTLE, *Appellant,* v. WILLIAM H. SMITH AND ELIZABETH SMITH, *Respondents.*

FORECLOSURE OF STREET ASSESSMENT — EVIDENCE — PRESUMPTION OF REGULARITY OF PROCEEDINGS.

In an action by the city of Seattle to foreclose a street assessment, under §§10 and 95, Laws 1885–86, pp. 243, 268, the assessment roll is *prima facie* proof of the regularity of all proceedings prior to the levy of the assessment, and the want of notice to property holders that the improvement was to be made is matter of defense.

*Appeal from Superior Court, King County.*

*George Donworth,* and *James B. Howe,* for appellant.

*Tustin, Gearin & Crews* (*C. W. Turner,* of counsel), for respondents.

The opinion of the court was delivered by

STILES, J. — Plaintiff city appeals from a judgment of non-suit entered in a suit to foreclose a street assessment. At the proper time counsel offered in evidence the assessment roll, but its admission was objected to on the ground that evidence had not been produced that notice of the proceedings leading up to the assessment had been given to property owners. After counsel had stated that they did not intend to follow up the introduction of the roll with evidence showing notice, the court sustained the objection.

Unless there are statutes which obviate the necessity of strict proof, the general rule is that tax and assessment cases must be proven by showing a compliance with all of the requirements leading up to the levy of the assessment. But in this instance there was such a statute, viz., § 95 of the charter of Seattle, Laws 1885–6, p. 268, reading:

"In any action, suit or proceeding in any court concerning any assessment of property or levy of taxes authorized by this act, or the collection of any such tax, or proceeding consequent thereon, such assessment, levy, consequent proceeding and all proceedings connected therewith, shall be presumed to be regular and duly done or taken, until the contrary is shown."

The practical effect of this law, the validity of which is not questioned here, is to supplement § 10 (Laws 1885–6, p. 243) of the same act, and make it necessary for the city, in an assessment foreclosure, to go no further than the production of a roll regular on its face, in order to make a *prima facie* case. All defects in the proceeding are to be established by the defense. In *Town of Elma v. Carney*, 4 Wash. 418 (30 Pac. 732), this ruling was foreshadowed, although the point as to the proof was not directly involved.

*Seattle v. Doran*, 5 Wash. 482 (32 Pac. 105), is somewhat relied upon by the respondents, growing out of the citation of *Pittsburg v. Walter*, 69 Pa. St. 365. The latter case sustains the general rule, in the absence of statutes, as above mentioned. But in *Seattle v. Doran* the city was attempting to recover under § 10, in face of the fact that the offer of the original assessment roll had been refused by the court for some reason. The brief stated: "The original assessment roll offered by plaintiff . . . and which, under a recent decision of this court in *Town of Elma v. Carney*, would have *prima facie* entitled the plaintiff to a decree, was excluded by the court;" and no point was made by either side upon this action.

The judgment must be reversed, and the cause remanded for a new trial.    So ordered.

DUNBAR, C. J., and HOYT, SCOTT and ANDERS, JJ., concur.