CASE 77—PETITION EQUITY—MAY 10.

# City of Louisville v. Hexagon Tile Walk Co., Etc.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

1. REVIVAL OF ACTIONS.—A suit to enforce a lien upon real property
   should be revived upon the death of the defendant, against the
   heirs, or devisees, of the defendant, and not against his personal
   representative.
2. STREET IMPROVEMENTS—LIABILITY OF CITY.—A city can not be
   held responsible, for the cost of improving a street which was
   properly assessable against the abutting property until the ques-
   tion as to whether the abutting property is liable to the assess-
   ment has been litigated.

H. L. STONE FOR APPELLANT.

1. The allegation of the petition that the city guaranteed the work
   should be paid off by the property owners, and that it would see
   that the same was paid, is in conflict with the provisions of the
   contract sued on; and where there is such conflict between the
   allegations of the pleading and the exhibit sued on, the pro-
   visions of the latter must prevail. Dodd v. King, 1 Met., 430;
   Haney v. Tempest, 3 Met., 98.
2. The ordinance under which this improvement was made was
   adopted June 7, 1892, and provided that the work shall be done
   at the cost of the owners of the ground fronting the improvement,
   as provided in the act of the 24th of March, 1882, amending the
   charter of the city of Louisville. City of Louisville v. Nevin, 16
   Ky. Law Rep., 438.

H. S. BARKER OF COUNSEL ON SAME SIDE.

LANE & BURNETT FOR FIDELITY TRUST & SAFETY VAULT CO.

1. The real estate described in the petition and sought to be subjected
   on the death of Henrietta Pope passed to, and vested in, her
   devisees, or heirs at law, and the action should have been revived
   against them and not against her executor. Ball v. First National
   Bank, 80 Ky., 504.

PHELPS & THUM FOR THE HEXAGON TILE WALK CO. AND JACKSON
    LOAN & INVESTMENT CO.

1. The city of Louisville never filed any answer or pleading, and
   permitted judgment to go against it by default and saved no
   exception; under these circumstances the appeal can not be con-
   sidered, and this court has no jurisdiction of it.

2. Whenever the city makes a contract for street improvements, and
   issues to the contractor warrants to pay therefor, if the warrants
   are for any reason unenforcible as to the property, or as to the
   property owners, the city itself is liable as principal obligor, if
   the defect is not of such character as to invalidate the contract
   as between the city and the contractor; (City of Louisville v.
   Hyatt, 5 B. M., 204; Guthrie v. City of Louisville, 6 B. M., 575;
   Kearney v. City of Covington, 1st Met., 339.) And these decisions
   were had under provisions of charters identical with the charter
   of the city of Louisville in force when the contract in question
   was entered into. Murphy v. City of Louisville, 9 Bush, 190;
   Craycraft v. Selvage, 10 Bush, 696; Caldwell v. Rupert, 10 Bush,
   179; Guthrie v. City, 6 B. M., 575; Nevin v. City, 10 Bush, 549.

JUDGE DURELLE DELIVERED THE OPINION OF THE COURT.

This suit was brought by appellee, Hexagon Tile Walk
Co., against Mrs. Henrietta Pope, wife of H. Pope, and the
City of Louisville on an apportionment warrant issued
against Mrs. Henrietta Pope for improvement of a side-
walk on Fourth avenue. Mrs. Pope having died before
process was executed, an order of revivor was made
against the Fidelity Trust & Safety Vault Co. as her exec-
utor. A demurrer by the executor was sustained, and
properly, as the suit was a proceeding to enforce a lien up-
on real property, and the heirs or devisees of Mrs. Pope,
if she was the owner of the property, should have been
made parties defendant, the title passing to them at her
death, and not to the executor.

Judgment was rendered for the amount of the apportion-

ment warrant against the city of Louisvile, which had in-
terposed no defense. The city subsequently sued out an
appeal in the clerk's office of this court, and the Hexagon
Tile Walk Co. prayed a cross appeal against the trust com-
pany. It is claimed on behalf of the city, that it could not
be held liable on the apportionment warrant without the
right to enforce a lien for the improvement against the
property. But counsel for the city is in error in supposing
that the provision of the charter upon which he relies was
in force at the date of the contract under which this ap-
portionment warrant was issued. By the act of March 24,
1882 (Acts of 1881, volume 1, page 991), amending the city
charter of 1870 (Burnett's Code, page 504), it was provided
that: "In no event if such improvement is made as is pro-
vided, either by ordinance or contract, shall the city be lia-
ble for such improvement without the right to enforce it
against the property receiving the benefit thereof."

The act referred to appears to be a codification of the
law in regard to the improvement of streets in the city of
Louisville, but by the act of April 1, 1886, (Acts of 1885-86,
volume 1, page 1153), the words above quoted were repeal-
ed, and appear not to have been re-enacted until they were
embodied in the present act for the government of cities
of the first class adopted in June, 1893. But it was never
intended that the city should be held responsible for the
cost of improving a street which was properly assessable
against the abutting property without any litigation of the
question whether such property was subject to a lien for
the improvement. That question has not, and could not,
have been litigated in this case, for the owner of the prop-

erty has never been made a party defendant. The proceeding being *in rem* against the property, it was essential that the property owner should be made a party, either by actual or constructive process. The liability of the lot for this assessment has never been litigated. In fact, it was not even averred in the petition that Mrs. Pope was the owner of the lot in question. Until that question is adjudicated in a proper proceeding the question of the city's responsibility upon the contract does not arise.

For the reasons given the judgment is reversed upon the original and affirmed upon the cross appeal.