[No. 5089.   Decided December 13, 1904.]

ALEX McNAIR et al., Appellants, v. M. INGEBRIGTSEN et al., Respondents.[1]

COMMUNITY PROPERTY—LIENS—FORECLOSURE—WIFE NECESSARY PARTY. The wife is a necessary party to an action brought by a city to foreclose a local assessment lien upon community real estate.

SAME—QUIETING TITLE—ACTION TO SET ASIDE FORECLOSURE SALE—PARTIES—COMPLAINT—SUFFICIENCY. The complaint in an action to remove the cloud of a local assessment foreclosure sale and deed is insufficient where it appears that the property was community property and that the wife was not made a party to the foreclosure; and neither the hardship of requiring a city to name the wife, where the record title stands in the name of the husband and the parties are nonresidents, nor the fact that the wife had filed no community property claim, can be urged where the complaint fails to show nonresidence, and alleges that the community character of the land was known to the city.

[1]Reported in 78 Pac. 789.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered February 1, 1904, upon sustaining a demurrer to the complaint, in an action to quiet title. Reversed.

*John C. Hogan,* for appellants.

*Wm. O. McKinlay,* for respondents.

DUNBAR, J.—The complaint alleges in substance, that the appellants are husband and wife; that, while such husband and wife, on August 6, 1892, they became owners by purchase of a parcel of land situated in Aberdeen, and particularly described in the complaint, which property thereupon became and afterwards remained the community property of appellants; that, upon the 24th of November, 1900, the city of Aberdeen, a municipal corporation of the third class, commenced an action in the superior court of Chehalis county for the foreclosure of an alleged local assessment lien for street improvements on this lot, for the sum of $3.81; that thereafter, on the 29th day of January, 1901, the superior court of Chehalis county entered a pretended judgment and decree of foreclosure and sale, in said entitled action, and that thereafter, on the 16th day of November, 1901, the sheriff of Chehalis county, pursuant to a pretended execution issued out of said court upon said decree and judgment, made a pretended sale of the real estate of plaintiffs hereinbefore described, to the defendant in this action, and issued to him a pretended certificate of sale; and that thereafter the sheriff executed a pretended sheriff's deed, purporting to convey to him the lands of the plaintiffs hereinbefore described, which said deed was filed in the auditor's office of Chehalis county, and constitutes a cloud upon the title of plaintiffs, in and to said real estate described; that in said action the sole

defendant was the husband, Alex McNair, his wife not having been made a party; alleges the tender to defendant of the taxes paid. A demurrer was interposed to this complaint, which was sustained by the court, upon the ground that the same did not state facts sufficient to constitute a cause of action. The plaintiffs electing to stand upon their complaint, judgment was entered. From such judgment this appeal was prosecuted.

Appellants urge two contentions in this case; first, that the alleged sale was void, and that the court acted without jurisdiction, for the reason that the wife, Almeda Jane McNair, was not made a party to the action; and, secondly, that the record of the former case shows that the attempted service by publication on Alex McNair was illegal and void, and insufficient to confer jurisdiction on the court. We think this contention is hypercritical, and that the affidavit of the attorney for the plaintiffs shows a substantial compliance with the provisions of the statute in relation to service by mail. But, on the first proposition, it has been uniformly held by this court that the wife is a proper and necessary party to the foreclosure of liens against community real estate, commencing with *Littell & Smythe Mfg. Co. v. Miller,* 3 Wash. 480, 28 Pac. 1035, which was followed by many subsequent cases, until finally the question was put at rest in *Seattle v. Baxter,* 20 Wash. 714, 55 Pac. 320, by the following terse statement:

"The second question is whether a wife is a necessary party to an action brought to foreclose an assessment lien. The affirmative of this question is too well settled in this state to admit of present discussion," citing prior cases.

It is contended by the respondents that the plaintiffs in this action, at the time of the prior action, were non-

residents; that the record title was in the husband; that
the authorities had no way of ascertaining whether the
property was community property or not and no way of
ascertaining whether or not the plaintiff McNair was a
married man; and that, therefore, in such cases it would
be impossible for a municipality to foreclose liens for
street assessments, if the burden were imposed upon it of
making service upon an unknown person. If this state
of facts appeared in the case, it might be that it would
bring the action within the rule announced in *Sadler v.
Niesz*, 5 Wash. 182, 31 Pac. 630, 1030, and that the wife
might be estopped from urging her interest in the real
estate. And the same might be said, in a case of
this kind, of the other proposition urged by the re-
spondents, that it was the duty of the wife to com-
ply with the provisions of § 3892, Pierce's Code, which
provides that a husband or wife, having an interest in
real estate by virtue of the marriage relation, the legal
title of record to which real estate is or shall be held
by the other, may protect such interest by causing to be
filed and recorded, in the auditor's office of the county
in which such real estate is situated, an instrument in
writing, setting forth that the person filing such instru-
ment is the husband or wife, as the case may be,
of the person holding the legal title to the real estate in
question, etc. But these questions are not raised in this
case, the court sustaining a demurrer to the complaint,
which does not set forth the facts constituting the hard-
ship complained of by the respondents. It does not even
appear from the complaint that the plaintiffs were non-
residents at the time of the foreclosure proceedings; while
on the question of the knowledge of the municipality of
the community character of the estate, it is specially
alleged in the complaint that said real estate was at all

times the community property of these plaintiffs, which fact was known to the defendants herein, and to the said city of Aberdeen, and its attorney, or could, upon reasonable diligence, have been ascertained.

We think the court erred in sustaining the demurrer to the complaint, and the judgment will, therefore, be reversed, with instructions to the trial court to overrule said demurrer.

FULLERTON, C. J., and ANDERS, MOUNT, and HADLEY, JJ., concur.