(81 South. 584)

RAGSDALE v. CITY OF FLORENCE. (8 Div. 122.)

(Supreme Court of Alabama. April 10, 1919.)

1. MUNICIPAL CORPORATIONS ⬩294(2) — STREET IMPROVEMENTS—ASSESSMENTS—ORDINANCES — PUBLICATION AND RIGHT TO HEARING.

An ordinance or resolution for improvement of streets, avenues, alleys, sidewalks, etc., by assessment against the property abutting such highways, must be published as required by Code 1907, §§ 1359–1420, and the property owner given a right to hearing and of making objections to and protests against such proposed improvements.

2. CONSTITUTIONAL LAW ⬩290(1)—MUNICIPAL CORPORATIONS ⬩407(1)—STREET IMPROVEMENTS—ASSESSMENTS—DUE PROCESS OF LAW.

Const. § 223, expressly authorizes statutes for improvement of city streets, sidewalks, etc., limiting assessments therefor on abutting property to the increased value thereof by reason of such improvement, and where a proceeding was had by publishing ordinance or resolution therefor, according property owner right to hearing in accordance with Code 1907, §§ 1359–1420, there was no taking of private property without due process of law.

3. MUNICIPAL CORPORATIONS ⬩516—STREET IMPROVEMENTS — ASSESSMENTS — ENFORCEMENT OF LIEN—ATTACK ON ASSESSMENT.

A bill by a city to enforce a lien for street assessments against abutting property is not demurrable because of errors or discrepancy as to the rolls of assessment which should have been corrected at the hearing had and provided for that purpose or by appeal.

Appeal from Circuit Court, Lauderdale County; C. P. Almon, Judge.

Bill by the City of Florence against Fannie Ragsdale, to enforce a lien for street im-

provements. Judgment for plaintiff, and defendant appeals. Judgment affirmed.

R. J. Hooten, of Roanoke, for appellant.

Mitchell & Hughston, of Florence, for appellee.

MAYFIELD, J. This is a bill filed under section 1386 of the Code, to enforce a lien as for street improvements.

The proceedings for the assessments seem to have substantially followed the Code provisions, which authorize the assessments against property abutting the streets of cities and towns for the improvement of such streets, sidewalks, etc.

[1] Article 26 of chapter 32, embracing sections 1359–1420 of the Code, authorize cities and towns of this state to authorize the improvement of the streets, avenues, alleys, sidewalks, etc., by assessments against the property abutting such highways. These statutes require ordinances or resolutions of the cities or towns describing the improvements desired, and ordering surveys, the delivering of plans, specifications, etc., and for the filing of same for the inspection of the property owners. The ordinances or resolutions must be published as required by the statute; and the property owner given a right of hearing and of making objections to and protests against such proposed improvements. The statutes also require the fixing of the grades of the streets, etc., before the improvements are made. Notice is then given, asking for bids for such improvements, and for making contracts therefor. The council is authorized to assess the costs of such improvements, or parts thereof, against the property abutting the improved portion of the streets, to the extent of the increased value thereof.

A roll or list of the owners and lots or parcels of property so assessed is required to be made, showing the amount assessed against each parcel, and notice thereof shall be given by publication, and a day set for hearing objections thereto. At this hearing the council may examine witnesses and revise and finally fix the assessments against each parcel, and from the date of this order the assessment so made constitutes a lien on the lands against which it is made, and the chancery court is given jurisdiction to enforce it. These statutes, so far as is made to appear, were complied with so as to create the lien sought to be enforced.

[2] It is not made to appear that these statutes, or the proceedings had thereunder, have or will deprive appellant of the property without due process of law. Our Constitution (section 223) expressly authorizes statutes for the purpose of such improvements and assessments, but limits the assessment to an amount which will not exceed the increased value of the property by reason of

such improvement. It is not shown to us that such provision has been violated in this case. We know of no provision of the federal Constitution which has been violated by the proceedings in question.

[3] The bill was not subject to any ground of demurrer insisted upon in argument. If any such errors or discrepancy was had as to the rolls of assessment, they should have been corrected at the hearing had and provided for that purpose, or by appeal. Decatur v. Brock, 170 Ala. 149, 54 South. 209.

The motion to suppress the deposition of the witness Striplin came too late; so, also, were the objections to the questions and answers as being mere conclusions of the witnesses.

The proof was ample to support the averments of the bill, and all objections to the interrogatories and evidence came too late.

We find no errors which are availing to the appellant on this appeal.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.