**ELMENDORF et al. v. CITY OF SAN ANTONIO et al. (No. 6399.)**

(Court of Civil Appeals of Texas. San Antonio. June 2, 1920. On Motion for Rehearing, June 29, 1920.)

**1. Constitutional law ☞290(3)—Municipal corporations ☞407(1)—Statute providing for hearing as to assessment before city's governing body does not deny due process.**

Rev. St. 1911, art. 1013, relating to hearings before assessment for improvements, does not violate the due process of law provision of the Constitution because it provides for a hearing before the governing body of the city.

**2. Municipal corporations ☞445—Contract with city as to amount to be paid for paving did not invalidate assessment.**

An agreement between a city and a paving contractor before a hearing before the council was had, wherein it was agreed that the city would only pay one-third of the cost, did not invalidate the assessment on the ground that it bound the paving company to assess absolutely against the owners two-thirds of the cost of the paving regardless of benefits, as the paving company, if it desired, could assume the risk of the benefits being equal to two-thirds.

**3. Municipal corporations ☞454—Owners of land abutting on improvement not denied hearing guaranteed by statute.**

That the city engineer without notice to owners made a plat and statement showing the total estimate of the cost and improvements and the division thereof according to his measurements of the abutting lots, and that such plat and statement were examined and approved by the council under a procedure ordinance of the city, prior to hearing was not a denial of a full and fair hearing guaranteed by Rev. St. 1911, art. 1013, being merely preliminary steps.

**4. Municipal corporations ☞455—Notice of hearing of assessments need not name all owners.**

Rev. St. 1911, art. 1013, does not require notice of a hearing for assessment of improvements to correctly state in every instance the name of each person who owns an interest in abutting property.

**5. Municipal corporations ☞455—Notice of hearing of assessment for improvements sufficient as to unnamed owners.**

A notice of hearing before levy of special assessments for local improvements was not void for unreasonableness in failing to state the names of three persons who had an interest in a parcel of land, instead of describing them as the children of a joint owner named, under Rev. St. 1911, art. 1013.

**6. Municipal corporations ☞455—Owners abutting on improvements not entitled to personal notice of hearing of assessment.**

It being provided by Rev. St. 1911, art. 1013, that notice by publication shall be sufficient, the failure to give personal notice of a hearing before levy of assessments would not effect the validity of the proceeding.

**7. Municipal corporations ☞444—Omission of resolution ordering improvement held not to invalidate assessment.**

Where the statutory requirements with respect to hearing and notice of a hearing before levy of assessments for public improvements were complied with (Rev. St. 1911, art. 1013), the inadvertent omission of the passage of a resolution by the city council ordering the improvement, as required by a procedural ordinance, did not invalidate the assessment.

**8. Municipal corporations ☞491—Objection to assessment for failure to pass resolution must be raised on hearing or in suit within 20 days.**

Objection that an assessment for improvements was invalid because the city council had not by resolution ordered the improvement must be made on the hearing, or in a suit brought within 20 days thereafter, as provided in Rev. St. 1911, art. 1015.

**9. Municipal corporations ☞407(1)—Statute limiting time for raising objections to assessment constitutional.**

Rev. St. 1911, art. 1015, limiting the time in which suit might be brought to set aside an assessment to 20 days, does not violate any constitutional provision.

**10. Statutes ☞279—Statutes need not be pleaded.**

Neither a statute, nor the charter of a city which is made by one of its provisions an act of which all courts must take notice, need be pleaded.

**11. Municipal corporations ☞567(1)—Petition in action on certificate of assessment held to state cause of action.**

A petition in an action on a certificate of assessment which was attached and made a part thereof *held* to state a cause of action, although the ordinances, resolutions, and other matters were not copied in the petition, and each act or step taken was not pleaded in detail, in view of Rev. St. 1911, art. 1011.

**12. Appeal and error ☞1040(10)—No reversal for overruling special exceptions where no injury results.**

Erroneously overruling special exceptions to a petition did not call for a reversal, where no harm could have resulted to defendants by reason of the rulings.

**13. Statutes ☞85(4)—Statute declaring certificate of assessment prima facie evidence constitutional.**

Rev. St. 1911, art. 1011, providing that a certificate of assessment containing certain recitals shall be prima facie evidence of the facts thus recited, does not violate Const. art. 3, § 56, subsecs. 16, 30.

**14. Municipal corporations ☞480—Tenants in common jointly liable for assessments.**

Statutes relating to assessments for improvements contemplate joint assessment against those, who, as tenants in common, own a parcel of land which is subject to assessment.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

15. Municipal corporations ⬥485(2) —Certificate of assessment sufficiently described land.

A certificate of assessment for improvements in street describing the land as abutting 959 feet on the north side of West Josephine in the city of San Antonio, being in acres in new city block No. A2, sufficiently described the property, since it furnished means by which the property could be identified by the use of extrinsic evidence.

16. Municipal corporations ⬥485(5)—Certificate of assessment prima facie evidence of ordinance levying assessment.

A certificate of assessment for improvements in street when introduced in evidence establishes a prima facie case, hence it is not necessary for plaintiff in an action on such a certificate to also introduce the ordinance levying the assessment and authorizing the issuance of the certificate.

17. Appeal and error ⬥1051(5)—Admission of evidence harmless in view of establishment of fact by other evidence.

In an action on a certificate of assessment for improvements in street, error of the court, in permitting introduction in evidence of the ordinance levying the assessment and authorizing the issuance of the certificate, could not have injured the defendants since the certificate itself made out a prima facie case.

18. Municipal corporations ⬥449(3)—Assessment ordinance providing for interest valid.

An assessment ordinance making entire assessment for improvements in street due when engineer should certify that he accepted the work, and, if not paid at that time, deferred installments should bear interest, did not conflict with statutes.

19. Interest ⬥38(2)—Judgment bears 6 per cent., though certificate of assessment on which it is based provided for 8 per cent.

A judgment upon a certificate of assessment providing for 8 per cent. interest only bears 6 per cent. interest, in view of Rev. St. 1911, arts. 1011, 4981.

20. Municipal corporations ⬥527—Statute providing for attorney's fees in actions on assessments valid.

Rev. St. 1911, art. 1011, granting authority to provide for the recovery of attorney's fees in actions on certificates of assessments for improvements, is valid.

21. Municipal corporations ⬥527—Attorney's fees permitted on certificates of assessment.

Rev. St. 1911, art. 1011, authorizing provision for reasonable attorney's fees in an action on certificates of assessment for improvements, is not limited or affected in any way by article 2178.

22. Appeal and error ⬥854(2)—Erroneous reason for judgment harmless.

The fact that an erroneous reason is given in a judgment for its rendition does not require that it be reversed.

23. Appeal and error ⬥731(2)—Assignment complaining of erroneous recital of fact in judgment merely insufficient.

In order to present a question for decision, an assignment, that court erred in its judgment in some recital of fact or conclusion of law, should go further than to merely complain that such recital of fact or conclusion of law was erroneous.

24. Municipal corporations ⬥570(1)—Words "and children" in assessment ordinance and certificate held not mere surplusage in judgment in suit on certificates.

Use of the words "M. and children" by a city engineer in making assessments evidenced the fact that he did not rely on the last assessment roll indicating that M. was the owner, and hence, where such words appeared in the assessment ordinance and certificate, the reference to children was not mere surplusage, and the court by a recital in its judgment in an action on the certificate was not justified in treating the entire proceedings as if they had been actually conducted on the theory that M. was the sole owner, merely because an assessment against M. alone would have been binding on all the owners.

25. Municipal corporations ⬥485(2)—Certificate of assessment valid as against persons described but not named.

Where a parcel of land abutting on a street being improved was owned by M. and three of her children, a certificate of assessment was not invalid which described the owners as "M. and children."

26. Liens ⬥1—Personal liability not necessary.

A lien on land may be established in cases where there is no personal liability.

27. Appeal and error ⬥1033(8)—No complaint of favorable judgment.

In an action on a certificate of assessment, if there was both a personal liability and a lien on land, no complaint could be made by certain defendants because the judgment relieved them from personal liability.

28. Trial ⬥351(2)—Not error to fail to submit issues not requested.

Parties having failed to request a submission of certain issues cannot complain of the failure of the court to submit the same.

29. Judgment ⬥298—Court may change during term.

Court has power to change a judgment during the term.

30. Taxation ⬥590—All co-owners not necessary parties to suit for taxes.

Suit may be maintained against either or all of the co-owners of a parcel of land to recover ordinary taxes against the land.

31. Judgment ⬥707—Does not bind persons not parties.

In an action to recover ordinary taxes on land, a judgment obtained could not bind the interest of a co-owner who was not made a party to the suit.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**32. Tenancy in common ⬅⟹30—Co-owner paying taxes acquires lien against cotenants.**

Upon payment 'of taxes, a co-owner acquires right to exact contribution, which right is secured by a lien upon his cotenant's interest in the land.

**33. Municipal corporations ⬅⟹565—All co-owners of parcel not necessary parties in action on certificate of assessment.**

Joint owners of land need not all be made parties to an action on a certificate of assessment for street improvements, the interest of each being liable for the entire tax.

**34. Constitutional law ⬅⟹65—Statute permitting cities to determine whether they will adopt certain statute valid.**

Rev. St. 1911, art. 1016, relating to improvements, does not violate Const. art. 3, § 1, which provides that the legislative power of the state shall be vested in a Senate and House of Representatives, because of the fact that it permits the cities to determine whether the provisions of chapter 11 shall be adopted by them.

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Suit by the City of San Antonio and another against Mrs. Mary Elmendorf and others. Judgment for plaintiffs, and defendants appeal. Judgment reformed.

Otto Staffel, of San Antonio, for appellants.

O. M. Fitzhugh and L. Allen, both of San Antonio, for appellees.

MOURSUND, J. This suit was filed by the city of San Antonio, for the use and benefit of Western Paving Company, which company afterwards intervened in its own right, against Mrs. Mary Elmendorf and her three adult children, Stella, Armin, and Edward Elmendorf, on a paving certificate issued by said city to said company on April 12, 1915, by virtue of an assessment ordinance alleged to have been passed on March 1, 1915. The amount sued for was $2,330.37, principal, with 8 per cent. interest, and reasonable attorney's fees, alleged to be $1,000, and for foreclosure of assessment lien on certain premises abutting on West Josephine street in said city. Roy M. Beitel was made a co-defendant as a purchaser pendente lite of part of said premises.

The jury, in answer to the only issue submitted, found that $750 was a reasonable attorney's fee. Judgment was rendered on November 24, 1919, dismissing as to the city, and in favor of the paving company against Mrs. Mary Elmendorf for principal, interest and attorney's fee, also for foreclosure of lien against all of the defendants. On November 29, 1919, a motion by the paving company to correct the judgment was granted,

and the judgment amended by dismissing as to Stella Elmendorf, it appearing during the trial that she was married and her husband was not a party to the suit. Mrs. Mary Elmendorf, Armin Elmendorf, and Edward Elmendorf appealed.

Under the first assignment, complaining of the refusal to give a peremptory instruction in favor of defendants, various contentions are presented. We will state our conclusions with reference thereto, foregoing the discussion of questions considered in opinions in other cases recently decided by this court.

[1] It is contended that article 1013, R. S. 1911, is violative of the state and federal Constitutions (without designating the particular constitutional provisions relied on) because it provides for a hearing before the governing body of the city. Doubtless, the provisions relied upon are those relating to due process of law. We have heretofore upheld the statute as against an attack based upon the same contention and see no reason for changing our opinion. Sullivan v. Roach-Manigan Paving Co., 220 S. W. 444; Hibben v. Smith, 191 U. S. 310, 24 Sup. Ct. 88, 48 L. Ed. 195; Federal Const. Co. v. Curd, 179 Cal. 489, 177 Pac. 469, 2 A. L. R. 1202.

[2] The second contention is that the assessment made against defendants was preconceived, and was agreed to by contract between the city and the paving company, long before the hearing before the city council was had, by virtue of which said assessment ordinance is supposed to nave been made, wherefore the assessment and certificate sued upon are void. We do not understand from the statement and argument exactly what the appellants' theory is, but we believe it is that the city by making the contract with the paving company bound itself to assess absolutely against the owners two-thirds of the cost of the paving, excepting street intersections, and that this was to be done regardless of benefits. We find, however, no basis for such contention, as the procedure ordinance, made part of the contract, plainly provides in sections 27 and 28 that in no event can an assessment against any owner exceed actual benefits accruing by reason of the improvement. The agreement that the city is to pay one-third and the owners two-thirds must be read in the light of the statute and said provisions of the procedure ordinance. That ordinance plainly implies that the city must pay more than one-third and the cost of paving street intersections if the benefits accruing to the abutting property are not equal to two-thirds of the cost of the improvements; but, even if the paving company assumed the risk of the benefits being equal to two-thirds, we are unable to see how the making of such a contract could invalidate an assessment.

[3] The third contention is that a full and

fair hearing, such as is guaranteed by article 1013, R. S. 1911, was denied appellants because acting under section 17 of the procedure ordinance the city engineer, without notice to the owners, made a plat and statement showing the total estimate of the cost of the improvements, and the division thereof according to his measurements of the abutting lots, which plat and statement were examined and approved by the council as provided in said section of the ordinance.

These steps are merely preliminary ones, and the approval given by the council signifies no more than that it has discovered no error, and therefore intends to use such plat and estimates as the basis for a hearing. In this way, the owner is given an opportunity of accepting as correct the plat and measurements, and save himself the trouble and expense of having measurements made, and, if he is convinced the benefits to his property will equal one-third of the cost, he need not concern himself further. No question of benefits is considered at this time, nor is the assessment made, the purpose being merely to procure information from which the owners can see what is proposed to be done so that they can intelligently prepare for the hearing afforded them, at which they have the privilege of showing any error in measurements or figures as well as lack of benefits. There can be no merit in the theory that just because the council found no error in the measurements, plat, estimates, and apportionment made by the engineer, it would become so biased that upon such errors being pointed out it would be unwilling to correct the same. Notice of each step taken is unnecessary, provided notice is given of a hearing at which all questions affecting the assessment will be considered and determined. Page & Jones on Taxation by Assessment, § 125.

The fourth contention is that the notice by publication was void in that it did not give the names of the defendants Armin, Stella, and Edward T. Elmendorf, but read as follows: "Mary Elmendorf and children."

The statute (article 1013) provides:

"No assessment of any part of the cost of such improvement shall be made against any property abutting thereon or its owner, until a full and fair hearing shall first have been given to the owners of such property, preceded by a reasonable notice thereof given to said owners, their agents or attorneys. Such notice shall be by advertisement inserted at least three times in some newspaper published in the city, town or village, where such tax is sought to be levied, if there be such a paper there, if not, the nearest to said city, town or village, of general circulation in the county in which said city is located, the first publication to be made at least ten days before the date of the hearing. The governing body may provide for additional notice cumulative of notice by advertisement."

The notice was headed: "Official Notice to Property Owners on West Josephine Street, between Jones Avenue and San Antonio River." In the body of the notice, it is stated that the estimated cost, the estimated division thereof, and other data with reference to said improvements, including the description of such property, "and the names of the supposed respective owners thereof, and the respective amounts proposed to be assessed against the parcels or property and owners thereof, are set forth hereunder, all as same appear in said statement of the city engineer. The list mentioned "Mary Elmendorf and children" as owners of A 2 acres, 959 front feet, cost of paving $1,870.05, cost of curb $460.32. The notice, after stating the time and place of the hearing, provides:

"And the true owners of all said property are hereby required to take notice of said proceedings whether or not they be correctly named in the resolution."

The advertisement was published for the time and in the manner prescribed by law, so the only issue is whether it was rendered unreasonable by reason of the fact that instead of naming Armin, Stella, and Edward Elmendorf, it correctly described them as the children of Mary Elmendorf.

[4] We do not think the statute can be construed to mean that it is necessary to the validity of a notice that it correctly state in every instance the name of each person who owns an interest in abutting property, for it will be noticed that no provision is made for cases in which the names are not known, and it is not reasonable to suppose that the Legislature intended that in such cases no assessment could be made. If the article of the statute is not subject to the construction that every notice must state the name of each owner correctly, then it must be construed to mean that the notice must be of such character as to reasonably apprise all owners of the contemplated improvement and the method by which it is to be accomplished. The Legislature saw fit to expressly authorize notice by publication, and the notice given in this case must be conceded to be just as efficacious to apprise the defendants Armin, Stella, and Edward Elmendorf of what was proposed to be done, as if their names had been stated. Now, if there be no statute requiring that the names of all owners should be stated in the notice, if known, or if obtainable by the exercise of reasonable diligence, then the question arises whether the failure to state the names under such circumstances renders a notice unreasonable regardless of whether the parties are so described as to make it certain that their rights, if any they have, are to be affected.

In the consideration of this question cases involving citations are not helpful because the decisions are based upon mandatory stat-

utes prescribing that the names of all parties must be given.

[5] In passing upon the reasonableness of notice given, it is necessary to consider the nature of the governmental power sought to be exercised and the result sought to be accomplished. It should be suited to the efficient exercise of the power and adapted to attain the desired result, as well as just to the parties to be affected. The levy of special assessments for local improvements is an exercise of the taxing power, and, while notice and a hearing are required because the owners have a right to be heard on the questions of apportionment and benefits, still it is obvious that to require too great strictness as to matters of form will seriously hamper the governmental agency in the exercise of its powers. We conclude that the notice involved in this case is not void for unreasonableness in failing to state the names of the three defendants instead of describing them as the children of Mary Elmendorf. We therefore hold that it was sufficient under the terms of the statute. As persuasive of the correctness of this holding, we cite Klein v. Tuhey, 13 Ind..App. 74, 40 N. E. 144; Kendig v. Knight, 60 Iowa, 29, 14 N. W. 78.

[6] It being provided by statute that notice by publication shall be sufficient, the failure to give personal notice would not affect the validity of the proceedings; therefore the fifth contention must be held to be without merit.

[7] The assessment ordinance, by virtue of which the certificate sued upon was issued, is dated March 1, 1915. It recites that the council had on May 25, 1914, by resolution ordered the improvement of that portion of West Josephine street between Jones avenue and the San Antonio river. As a matter of fact, that part of West Josephine street is not mentioned in the only resolution relating to street improvement passed on May 25, 1914. However, bids were taken for the improvement of that part of the street, and that of appellee accepted. This is shown by a resolution passed by the council on December 1, 1914, and introduced in evidence by appellants, wherein such facts are recited, and it was also recited that theretofore the council had by resolution duly ordered the improvement of that part of the street. The resolution of December 1, 1914, recited an ordinance was passed July 1, 1914, accepting the bid and ordering the execution of a contract; also ordering that a hearing be given the property owners on December 17, 1914, and that notice thereof be duly given.

The statutory requirement of a hearing preceded by notice was complied with, but it appears that in section 5 of the procedure ordinance it is provided that, when the council shall determine to improve any highway, it shall pass a resolution to that effect in which bids shall be invited, and information shall be furnished necessary to enable contractors to make bids, and fix the time for passing on bids.

The council and all parties seem to have acted upon the assumption that the part of Josephine street in question was mentioned in the long list of streets named in the resolution of May 25, 1914. It is contended that, as no resolution such as is called for in the procedure ordinance was ever passed with reference to the improvement of the part of Josephine street upon which the appellants' property is situated, the assessment is invalid. As the contention does not rest upon any theory that a statutory provision has been violated, but finds its basis in the fact that the procedure ordinance calls for such a resolution, it becomes necessary to consider also the effect of section 3 of said procedure ordinance, wherein it is stated that the inadvertent failure of any official or of the council to observe provisions of a directory character as to the procedure to be adopted with reference to making improvements and assessments shall not invalidate any assessment or levy if the proceedings actually had be sufficient under the statute. When the entire section is read, it is clear that section 5 relates to a provision classified as of a directory character.

As the statutory requirements with respect to hearing and notice were complied with, and the omission of the passage of a resolution was clearly inadvertent, and all steps were taken as if such a resolution had existed, we conclude that the assessment cannot be held invalid upon the ground relied on.

[8, 9] In addition, we hold that, if said objection to the assessment could be held sufficient ground upon which to base an attack, the failure to make the same upon the hearing or in a suit brought within 20 days thereafter, as provided in article 1015, R. S. 1911, would preclude the owners from relying upon such objection as a defense to a suit upon the certificate. The objection would clearly be one contemplated under the terms of said article, and that statute, by limiting the time in which the suit might be brought to 20 days, does not violate any constitutional provision. City of Fort Worth v. Capps Land Co., 205 S. W. 491; Ragsdale v. City of Florence (Ala.) 81 South. 584; Dillon v. Whitley, 210 S. W. 329; Page & Jones on Taxation by Assessment, §§ 142, 134; Elliott on Roads & Streets, § 768. The appellee specially pleaded the failure of appellants to bring such a suit, and urged such failure as a bar to the defenses pleaded.

The first assignment of error is overruled.

[10] By assignments 2 to 7, inclusive, complaint is made of the overruling of certain special exceptions to the appellee's pleadings. The statute, of course, need not be pleaded,

nor the charter of the city, which is made, by one of its provisions, an act of which all courts must take notice. The assessment certificate, made a part of the pleading, contains the recitals which under article 1011, R. S. 1911, make it prima facie evidence of the facts so recited. In addition, it was alleged: That the contract had been made and complied with; that a property owners' hearing had been held after notice duly given; that an ordinance had been passed levying the assessment, and a certificate duly issued containing certain recitals, which were then stated; also—

"That every act and thing required by law to be done by plaintiff, the city of San Antonio, or by intervener, the Western Paving Company, prior to the issuance and delivery of said certificate by plaintiff to intervener, and as a prerequisite to the validity of said certificate, has been fully done and performed by both the plaintiff and this intervener, and all of said things and acts have been done and performed by both plaintiff and this intervener in compliance with the requirement of law."

[11] It is true that the ordinances, resolutions, and other matters are not copied in the petition, nor is each act done or step taken pleaded in detail, but the petition states a cause of action, and we are also of the opinion that it is not subject to any of the special exceptions urged by appellants. Dillon v. Whitley, 210 S. W. 329; Taylor v. Boyd, 63 Tex. 533; Lockhart v. City of Houston, 45 Tex. 317; City of Joplin v. Hollingshead, 123 Mo. App. 602, 100 S. W. 506; City of Mexico v. Lakenan, 129 Mo. App. 180, 108 S. W. 141; Town of Elma v. Carney, 4 Wash. 418, 30 Pac. 732; City of Seattle v. Smith, 8 Wash. 387, 36 Pac. 280. In the case of Taylor v. Boyd, several Missouri cases were cited with approval in passing upon the effect of certificates of this kind as evidence. We think the views expressed in the cited case of City of Joplin v. Hollingshead on the question of pleading are also worthy of approval.

The opinion of the Supreme Court in the case of Lockhart v. City of Houston, supra, furnishes an answer to the contentions that special exceptions should have been sustained complaining of what appellants regard as conclusions. The rule there announced was held applicable to street assessments by the Supreme Court of Washington, in the cited case of Town of Elma v. Carney.

[12] However, if we are wrong with respect to any ruling on any of the special exceptions, the ruling of the court would not constitute such an error as would require a reversal of the judgment, for all proceedings were fully proven, and no harm could have resulted to appellants by reason of such ruling or rulings. The assignments are overruled.

By the eighth assignment complaint is made of the admission in evidence of the assessment certificate.

The objections, based upon supposed deficiencies in pleading, may be dismissed with the statement that we have already held the pleadings sufficient.

[13] It is further contended that article 1011, R. S., 1911, is unconstitutional in so far as it provides that a certificate containing certain recitals shall be prima facie evidence of the facts thus recited. Article 3, § 56, subsecs. 16 and last, are relied on. We find no merit in this contention.

[14] The next objection is that the certificate is against Mary Elmendorf and children jointly, instead of against each, for his or her pro rata share according to interest in the property. Our statute makes no provision for such a division or apportionment in making the assessment, and we think it clearly contemplates a joint assessment against those who as tenants in common own the parcel of land which is subject to the assessment. Page & Jones on Taxation by Assessment, § 1056; Cushman v. Paving Co., 220 Fed. 857, 135 C. C. A. 289; City of New London v. Miller, 60 Conn. 112, 22 Atl. 499; City of Reading v. O'Reilly, 169 Pa. 366, 32 Atl. 420; Birket v. City of Peoria, 185 Ill. 369, 57 N. E. 30. Appellants rely upon the case of City of Dallas v. Atkins, 197 S. W. 593, but it must be borne in mind that the court sustained the injunction on the ground that it had been decided in City of Paris v. Tucker, 101 Tex. 99, 104 S. W. 1046, that in condemnation proceedings each owner was entitled to have his part of the compensation for the taking determined. The court stated that the pleadings failed to show that it was impossible to award separately to each of the several owners of the land sought to be condemned the amount of damages due him. It appears that appellees in that case were owners whose land was condemned, and the assessment of special benefits, in so far as they were concerned, was bound to be made under the condemnation laws in order to determine the compensation due them. It does not appear that the court had before it, or gave consideration to, the question of levying assessments against joint owners for special benefits in the exercise of the taxing power.

[15] By the fifth proposition it is contended that the description is not sufficient. The certificate recites that the parcel of land is owned by Mrs. Mary Elmendorf and children, and describes it as abutting 959 feet on the north side of West Josephine street, in the city of San Antonio, being in acres in new city block No. A2. The description furnishes the means by which the property can be identified by the use of extrinsic evidence applying the same to the property, which evidence was introduced. The contention is

without merit. City of San Antonio v. Terrill, 202 S. W. 361, and cases therein cited.

[16, 17] By the ninth assignment complaint is made of the admission in evidence of the ordinance levying the assessment and authorizing the issuance of the certificate. It was unnecessary for appellee to introduce this ordinance in evidence as the certificate, by the terms of the statute, when introduced in evidence established a prima facie case. Taylor v. Boyd, 63 Tex. 533; Withers v. Crenshaw, 155 S. W. 1189; Dillon v. Whitley, 210 S. W. 329; City of Webster Groves v. Reber (Mo. App.) 212 S. W. 38; Newman v. Warner-Quinlan Co. (Okl.) 177 Pac. 375. As it would be presumed in the absence of the ordinance that it was sufficient, and the burden was on appellants to overcome such presumption, they could not be injured by the introduction in evidence of such ordinance. The assignment will therefore be overruled.

[18] It is contended that the judgment is erroneous in allowing the recovery of any interest, the theory being that the ordinance in so far as it relates to interest is in conflict with the statute, in that it allows interest from the date of the certificate. Appellants' contention is that interest can only be allowed under the statute upon each installment after it becomes due under the terms of the certificate. The assessment ordinance makes the entire assessment due when the engineer certifies that he has accepted the work. If the assessment is not paid at that time, the deferred installments bear interest. This is in accordance with the statute.

[19] It is further contended that even though the certificate provides for 8 per cent. interest, when it is reduced to a judgment the 8 per cent. ceases and the judgment must allow only 6 per cent. We have heretofore sustained contentions that the portion of the judgment for attorney's fee and interest could only bear interest at the rate of 6 per cent. In those cases no contention was made that the principal of the certificates when reduced to a judgment could not bear more than 6 per cent. interest, nor did it occur to us at the time that such would be the case. The statute, article 1011, authorizes the governing body of the city to provide for the rate of interest payable upon deferred payments. This was done, the rate provided for being 8 per cent. Article 4981 provides that all judgments except those founded upon a contract bearing a greater rate, not exceeding 10 per cent., shall bear interest at the rate of 6 per cent. per annum. The certificate, as heretofore held by us, does not evidence any contract with the owners. In view of the construction given the last-mentioned article by this court in the case of City of San Antonio v. Alamo Bank, 155 S. W. 620, in which a writ of error was denied, it would seem that the judgment in this case should bear interest at the rate of 6 per cent. We find the Supreme Court of Missouri has so held under statutes very similar to ours. Gilsonite Co. v. St. Louis Fair Ass'n, 231 Mo. 589, 132 S. W. 657; City of Boonville v. Stephens, 238 Mo. 339, 141 S. W. 1111; Koch v. Shepherd (Mo. App.) 193 S. W. 601. The assignment is sustained.

[20, 21] The eleventh assignment complains of the allowance of attorneys' fees, the contention being that such an allowance "is contrary to the law and Constitution of Texas and the United States." We have heretofore passed upon the question whether the statute (article 1011) which grants authority to provide for the recovery of attorneys' fees is valid, and have held that it is.. We see no reason to change our views, and therefore refer to such decisions. Sullivan v. Roach-Manigan Co., 220 S. W. 444; Keller v. Paving Co., 218 S. W. 1077. The statute authorizes provision for reasonable attorneys' fees, and it cannot be held that this grant of authority is limited or affected in any way by article 2178.

By the twelfth assignment complaint is made to the effect that the court erred in finding by its conclusions of law and fact contained in the judgment that the last-completed tax roll shows the name of Mrs. Mary Elmendorf as the owner of the property referred to and described in the certificate and assessment ordinance. We do not understand the appellants to contend that the tax roll was not introduced, nor that it did not show the property to be assessed as found by the court, and therefore the assignment must be overruled.

[22-25] By the thirteenth assignment complaint is made of the fact that the court recited in the judgment that the words "and children," used in the assessment ordinance and certificate, are surplusage and constitute only an irregularity.

The assignment does not complain of the judgment, but of a conclusion of the court, which, if erroneous, is not shown by the assignment to render the judgment erroneous. The fact that an erroneous reason is given in a judgment for its rendition does not require that it be reversed. In order to present a question for decision, the assignment should go further than to merely complain that some recital of fact or conclusion of law stated in the judgment is erroneous. We do not think the words "and children" can be treated as surplusage. The use thereof by the city engineer evidences the fact that he did not rely upon the last assessment roll, which indicated that Mrs. Elmendorf was the owner, but that he had information leading him to believe there were additional owners. It is true that had the city engineer accepted the assessment roll as his guide, which he was authorized to do in the absence of other knowledge as to ownership

and the assessment had been levied against Mrs. Elmendorf alone as owner, it would have been binding upon her co-owners; but we do not think this justifies treating the entire proceedings as if they had been actually conducted upon the theory that Mrs. Elmendorf was the sole owner. They must stand or fall, we believe, upon the determination of the issue whether the certificate is insufficient because, although levied against four owners, only one is named, and the others are merely described so that their identity can be ascertained by evidence. If called upon by this assignment, or by reason of the nature of the question, to decide the point, we hold that the certificate is not invalid because of such fact. Hood v. City of New Orleans, 49 La. Ann. 1461, 22 South. 401.

[26, 27] Complaint is made of the foreclosure of a lien upon the property against the defendants Armin and Edward Elmendorf. The propositions are: That where no personal liability is established against the owners, the lien declared against their property is void, and "where there is no debt there can be no lien." These abstract propositions are of no assistance to the court. A lien may be established in cases where there is no personal liability, and, if there is both a personal liability and a lien, no complaint could be made by the defendants because the judgment relieved them from personal liability. This is not an assignment complaining on the part of Mrs. Elmendorf because the judgment fails to hold her sons personally liable, but an assignment in their favor contending that no lien should have been foreclosed as against them. We have heretofore expressed the opinion that the proceedings were sufficient to make the assessment certificate binding upon Armin and Edward Elmendorf, and we so hold, in answer to the very general proposition that where there is no debt there can be no lien.

The fourteenth assignment is overruled.

[28] We find no merit in assignments 15, 16, and 17. Appellants having failed to request the submission of the issues mentioned cannot complain of the failure to submit the same. The evidence fully sustains the findings in the judgment concerning the description of the property. The evidence is undisputed as to the resolution of May 25, 1914, and the legal effect of the omission therefrom of West Josephine street has been considered in discussing a previous assignment. We consider the evidence with regard to description as of such a character that no other finding than the one made in the judgment could be sustained.

[29-32] Complaint is made of the action of the court in permitting a dismissal as to Stella Elmendorf, after the rendition of the judgment. There can be no doubt of the power of the court thus to change the judgment during the term. Henderson v. Banks,

70 Tex. 398, 7 S. W. 815; Priddy v. Tabor, 189 S. W. 111; Ballard v. Ellerd, 199 S. W. 305. There was no pleading against Stella Elmendorf by her mother or brothers, nor does it appear that there was any request made for permission to file any pleadings of that kind prior to the granting of the motion to dismiss as to her. The only inquiry that need be made therefore is whether in view of the nature of the case Stella Elmendorf was a necessary party to the suit. Had the suit been one for the collection of ordinary taxes, there would be no doubt that the other co-owners could not object to the dismissal as against Stella Elmendorf, for in the first instance suit could have been brought against them alone and successfully maintained. Adams v. West Lumber Co., 162 S. W. 974; Walker v. Mills, 210 Mo. 684, 109 S. W. 44; Blair v. Investment Co., 54 Tex. Civ. App. 443, 118 S. W. 608; Victoria Copper Mine Co. v. Rich, 193 Fed. 315, 113 C. C. A. 238. However, a judgment thus obtained would not bind the interest of Stella Elmendorf in the land. It is the duty of each owner, as between himself and the state, to pay the taxes charged against the land, and a neglect of that duty renders his interest subject to sale therefor. Upon payment he acquires a right to exact contribution, which right is secured by a lien upon his cotenants' interest in the land.

We have heretofore held in this opinion that a joint assessment for benefits to property owned jointly by several persons is contemplated by our statute and is valid.

[33] The statute, under which the assessment was levied, provides that the lien or personal liability may be enforced by suit, but prescribes no rule with respect to parties, nor do we find any other statute or any charter provision which states who are necessary parties in such suits. Under our statute, whenever the assessment is a lien, it is also a personal charge against the owner. This means, we believe, that the assessment is viewed by the Legislature as any other tax, save that it must not exceed special benefits. We have held that the proceedings were sufficient to create a valid assessment in this case, and it appears to us that, in enforcing the same in the courts, the same rules with respect to parties should apply as in the enforcement of the collection of other taxes. The authorities seem to fully bear out the idea that the same liability exists on the part of joint owners, and we think the same rule as to parties should apply. If it be argued that this means that the interests of the appellants in the land will be sold for the entire assessment, and they will be left to enforce contribution, and that thus the entire assessment will be collected from them although their interests may not have been benefited to that extent, the answer is that, being joint owners, their interests are liable for the entire tax. That such an argument

cannot be permitted to prevail is demonstrated, we believe, by the fact that in the enforcement of any joint assessment there may be a personal liability on the part of a resident, and none on the part of a nonresident, yet the entire assessment may be collected from the resident, leaving him to his recourse of foreclosure of a lien on his co-owners' interest in the land.

We have found this question of parties a troublesome one, and a diligent search of the authorities has not been of material assistance. In California all co-owners are held to be necessary parties, and a dismissal as to one is not permissible. Harney v. Applegate, 57 Cal. 205; Robinson v. Merrill, 87 Cal. 11, 25 Pac. 162. These decisions are based, however, upon the construction given to a statute, held to require that all owners must be sued. Mr. Elliott, in his work on Roads and Streets (section 759), states that all co-owners are proper, "and it would seem" necessary parties. He cites a number of California cases; a Washington case, McNair v. Ingebrigtsen, 36 Wash. 186, 78 Pac. 789, which involved the question of the necessity of joining the husband and wife, and was decided on a general rule in that state with respect to enforcing liens against the husband and wife; and certain Missouri cases, which, in so far as accessible, we do not find to bear out the theory. In California and Washington the assessments are not made personal liabilities. The author invites a comparison of the opinion in the case of People v. Weber, 164 Ill. 412, 45 N. E. 723, which, although not involving the same facts as this case, contains a statement indicating the view of the court that the same rules as to parties should be applied as in other suits to enforce taxes. He also cites City of Louisville v. Hexagon Tile Walk Co., 103 Ky. 552, 45 S. W. 667, but we fail to see that it has any bearing on the point involved. We have examined other text-books and digests, and find practically the same cases cited. We have found no case in which a satisfactory reason is given for applying a different rule with respect to parties in cases of this kind than that applicable in ordinary tax suits, and conclude that the eighteenth assignment should be overruled.

The nineteenth and twentieth assignments are without merit, as they relate to theories not pleaded or relied on by appellee.

[34] Appellants contend that the petition is subject to exception on the ground urged in their second exception, as follows:

"That the law, ordinances, resolutions and other proceedings, alleged by intervener, and upon which they base they supposed cause of action, are in violation of the Constitution of Texas, and, in particular, contrary to section 1 of article 3, which provides that the legislative power of this state shall be vested in a Senate and House of Representatives."

This exception is based upon the same theory urged in other cases and held to be without merit, namely, that article 1016, R. S. 1911, is invalid because of the fact that it permits the cities to determine whether the provisions of chapter 11 shall be adopted by them. We see no reason for changing our holding on this question. Frankenstein v. Rushmore & Gowdy, 217 S. W. 189; Keller v. Paving Co., 218 S. W. 1077, and cases therein cited. The interpretation placed by appellants upon the pleadings of appellee in argument under this assignment is erroneous. The twenty-first assignment is overruled.

The judgment will be reformed so as to provide that the aggregate sum of principal, interest, and attorney's fee shall bear interest at the rate of 6 per cent. per annum from the date of the judgment of the trial court. In view of the fact, however, that the contention presented in the tenth assignment was not presented to the trial court in the motion for new trial, the costs of the appeal will be taxed against the appellants.

## On Motion for Rehearing.

Appellee contends that we erred in modifying the judgment so as to make it bear only 6 per cent. interest. The cases relied on do not sustain the contention. In Railway Company v. Galveston, 96 Tex. 520, 74 S. W. 537, it is simply held that, when a statute provides for 8 per cent. interest on delinquent taxes, such interest may be recovered, but does not hold that the judgment for principal and interest will itself bear 8 per cent. interest. The case of Storrie v. Houston City Ry., 92 Tex. 129, 46 S. W. 796, 44 L. R. A. 716, simply holds that an 8 per cent. provision of a paving assessment law applied to the assessment against the street railway company, it having been held by this court only applicable to abutting owners. It was therefore held that 8 per cent. interest could be recovered, but the question whether the judgment should bear 8 per cent. interest was not raised. These cases therefore go no further than to hold, as we have, that a judgment can be rendered awarding a recovery of 8 per cent. interest to the time of rendition. They do not hold that the judgment itself will bear 8 per cent. interest.

In Missouri, as shown by cases cited by us, it is held that the general statute with respect to interest on judgments applies to judgments on paving certificates unless the statute relating to such certificates expressly provides that the judgment shall bear interest at the same rate as the certificate. Barber Asphalt Co. v. St. Joseph, 183 Mo. 451, 82 S. W. 64. These cases seem to be approved by the authors of Page & Jones on Taxation by Assessment. See section 1107.

In R. C. L. vol. 15, pp. 15 and 16, we find the following statement:

"At common law interest was as a rule not allowed on judgments, and the plaintiff could not levy interest on a judgment, unless it was on a penalty, and the amount ordered to be levied, including the interest, was within the penal sum. * * * The theory upon which interest on judgments is allowed is that it is a measure of damages fixed by the Legislature; it is not interest in its strict sense; nor is it based on any contract express or implied, as a judgment is not a contract save in a very recondite and remote sense of the term. For that reason it has been held that the Legislature may change the rate of interest on judgments to have a retroactive effect without impairing any obligation of contract."

See, also, Cyc. vol. 22, p. 1516.

So far as judgments on contracts are concerned, we call attention to the following excerpts from decisions of our Supreme Court:

"The right to recover interest upon interest after judgment at a conventional rate does not rest upon the ground that the defendant has agreed that interest shall be computed in this way. Hence the fact that there is no agreement that the attorneys' fees shall bear interest at a greater rate than 8 per cent. cannot affect the question." Washington v. Bank, 64 Tex. 4.

The case of Hagood v. Aikin, 57 Tex. 511, is cited, in which the court said:

"We understand this statute to mean that a judgment shall bear the same interest as the contract upon which it is founded, if such rate of interest does not exceed the highest rate of interest permitted by law at the time the contract was made, even though such rate may exceed the highest rate of interest which may be contracted for since the adoption of the present constitution."

If we are to hold that the Legislature in authorizing the exaction of interest, not exceeding 8 per cent. on deferred installments of the assessment certificate, created an exception to the statute relating to judgments, it would seem that we erred in holding in the case of City of San Antonio v. Alamo Bank, cited in our former opinion, that the special act incorporating the city did not create such an exception in providing that city warrants should bear no interest. That decision was approved by the Supreme Court.

We conclude that appellee's motion for rehearing should also be overruled. The appellant's motion has heretofore been overruled.